**UNITED STATES for Use of BAILEY**
v.
**UNITED PACIFIC INS. CO.**
Civ. A. No. 2394.

United States District Court,
D. New Mexico.
June 8, 1954.

Mabry & Mabry, Albuquerque, N. M., for plaintiff.

Irwin S. Moise and Lewis R. Sutin, Albuquerque, N. M., for defendant.

**WALLACE, District Judge.**

The United States of America, for the use of E. L. Bailey,[1] brings this action under the Miller Act [2] to recover for labor and materials furnished by Bailey as a subcontractor on a Government job wherein the Holloway Company was principal contractor and the defendant, United Pacific Insurance Company, a corporation, was the surety who issued the contractor's "payment bond". The defendant insurance company is the principal contractor's assignee inasmuch as said insurance company as surety was forced to take over and complete the Government job in question due to the principal contractor's insolvency.

It is uncontested that plaintiff, Bailey, supplied all the labor and materials called for by his subcontract with the prime contractor and that the terms of said subcontract were fully and conscientiously met; and, that Bailey is in no way responsible for the fact that complete final payment under the terms of the prime contract has not yet been made by the Government.

The single issue before the Court is whether the action in question is premature for the reason that the Government has not yet made a complete "final payment" under the prime contract.

■ Under the express terms of the subcontract between the principal contractor and Bailey, Bailey was not to receive payment until the principal contractor received "final payment" from the Government.[3] The force and effect of such wording must be construed in light of the right given by statute to a subcontractor to bring suit on the payment bond, which statute provides in part, that "no such suit [i. e. on the payment bond] shall be commenced after the expiration of one year after the date of final settlement of such contract." [4]

■ In the instant case the plaintiff is in the position of having filed this suit within this one year statutory limitation. However, if this action is held premature, that is, that *complete* payment to the principal contractor by the Government is a condition precedent to plaintiff's right to maintain this suit, then plaintiff Bailey will lose his right to sue on the bond for the reason that one year since "final settlement" has now elapsed and suit could not be refiled at a later date.[5]

The Court has concluded that the instant suit is not premature for two reasons:

■ First, although the subcontract provided that the principal contractor did not become liable to Bailey until "final payment" was made by the Government to the principal contractor this term must not be interpreted to mean *complete* final payment. Such a construction would amount to a forced forfeiture of rights given a subcontractor under the required

---

1. D/B/A City Electric Company.

2. 40 U.S.C.A. § 270a et seq.

3. The subcontract provided in part: "No payment is due hereunder, whether a progress payment or final payment, until such progress payment or final payment has been made by the Government to The Holloway Company." In addition, the individual purchase orders, which became a part of the subcontract, each provided, " * * * Final payment to be made upon receipt of final payment from U. S. Government by prime contractor."

4. 40 U.S.C.A. § 270b (b).

5. Whether there has been a "final settlement" is an administrative determination. See R. P. Farnsworth & Co. v. Electrical Supply Co., 5 Cir., 1940, 112 F.2d 150, 130 A.L.R. 192, certiorari denied 311 U.S. 700, 61 S.Ct. 139, 85 L.Ed. 454; Illinois Surety Co. v. U. S., 1916, 240 U. S. 214, 36 S.Ct. 321, 60 L.Ed. 609; U. S. for Use and Benefit of F. B. Spear & Sons v. Arthur Storm Co., 6 Cir., 1939, 101 F.2d 524, certiorari denied 307 U.S. 630, 59 S.Ct. 833, 83 L.Ed. 1513. In the instant case such "final settlement" was made over one year ago, but not one year prior to July 14, 1953, the date this case was filed.

bond; and, the holding up on payment of a few insignificant items due a principal contractor could serve to delay indefinitely if not entirely defeat a subcontractor's legitimate claim. The Court does not believe the contracting parties had any such intent at the time this subcontract was entered into. A "final settlement" has been made by the Government and a substantial portion of the entire contract price has been paid; the fact that a small per cent of the total contract price has been withheld does not prevent Bailey from suing on the bond inasmuch as "final payment" as used in the subcontract has been received by the principal contractor.[6]

■■ In addition, even if "final payment" were construed to mean *complete* payment to the principal contractor, under the facts in this case the plaintiff still would have the legal right to now assert his claim. Where a "condition precedent" is placed in a contract, it is elementary that the one party to whose benefit such condition inures and who has the right to demand that the condition precedent be met, cannot assert a failure of the condition in defense where said party defendant by his or its own conduct has prevented the happening of said condition precedent.[7] In the case at bar, admittedly the plaintiff has performed all the affirmative acts required of him by the terms of the subcontract; the sole defense is that the Government has not yet made full and complete payment to the principal contractor. The evidence indicates that the long delay insofar as complete final payment is concerned has occurred because of the principal contractor's insolvency which necessitated the taking over and completing of the job by the surety who issued the payment bond. When a surety is forced to take over, logically the Government meticulously checks each detail in connection with the job before making complete and final payment. The failure of the Government to pay out completely is in no way traceable to a failure or shortcoming on the part of the subcontractor, plaintiff, but contrarily is directly chargeable to acts of the principal contractor, who in the course of executing his contract, became insolvent and brought about the intervention of the surety. Inasmuch as the principal contractor was thus at fault, and the surety now stands in his shoes, a successful defense based upon the failure of the condition precedent cannot be asserted.

The plaintiff is entitled to judgment in the amount of $1,375.83, plus interest and costs.

Counsel should submit journal entry to conform with this opinion within fifteen days.

---

6. Cf. Robinson v. United States, 2 Cir., 1918, 251 F. 461, 466, 467, involving a prior act which contained similar language, where the Court in ruling that the action by the subcontractor was not premature, even though certain final payment amounts were being contested in the Court of Claims by the prime contractor, said: "So to hold is not to re-write the contracts as between Robinson and the subcontractors, as counsel earnestly contend, but is merely to give the language of the parties the meaning which they intended it should have, for they were referring directly to the contract with the United States, with its necessary security, and it is clear that the language thus used in the subcontracts could never have been intended, in effect, to require the subcontractors to waive their rights upon the bond, or to be postponed indefinitely after the United States had so acted as to discharge all liability on the bond against it, and after the necessary six months had elapsed. * * *"

7. This general principle is recognized in 12 Am.Jur. (Contracts) § 329 wherein it is said: "One who prevents or makes impossible the performance or happening of a condition precedent upon which his liability by the terms of a contract is made to depend cannot avail himself of its nonperformance. In other words, he who prevents a thing from being done shall never be permitted to avail himself of the nonperformance which he himself has occasioned."