**CITY OF POMPANO BEACH, for the use and benefit of DARGEL CONSTRUCTION CO. v. MacDONALD CONSTRUCTION CO., et al.**

No. L-65-331.

Circuit Court, Broward County.
September 10, 1965.

Francis K. Buckley of Buckley & Bland, Fort Lauderdale, for plaintiff.

Fred L. Austin of Carey, Terry, Dwyer, Austin, Cole & Stephens, Fort Lauderdale, for defendants.

JOSE A. GONZALEZ, Jr., Circuit Judge.

This cause came on for hearing on the plaintiff's motion for summary judgment and for determination of attorney's fees. The court has considered all of the documents on file in support of said motion as well as the joint stipulations of the parties as to the questions of fact presented for determination. The court has further received testimony from qualified expert witnesses as to the amount of attorney's fees which might be awarded and has heard the able argument of counsel.

This is an action by a sub-contractor brought pursuant to section 255.05, Florida Statutes, against a general contractor and its surety.

The facts disclose that on November 23, 1962, the city of Pompano Beach entered into a contract for the construction of a sanitary sewer system with the defendants, MacDonald Construction Company, and Consolidated Paving and Equipment Rental, Inc., as general contractors.

A performance bond was duly executed pursuant to section 255.05, Florida Statutes, with the general contractor as principal and the defendant, Travelers Indemnity Company, as surety.

On February 26, 1963, the use-plaintiff, Dargel Construction Company, entered into a sub-contract with the general contractor for the construction of a portion of the total project at an original contract price of $267,753.16.

The parties have stipulated that plaintiff has fully performed its sub-contract with defendants and that defendants were indebted to plaintiff in the sum of $48,147.89, plus interest, attorney's fees and costs as of the time of the institution of this action. This sum represents the balance due plaintiff on the sub-contract between the parties.

Subsequent to the commencement of this litigation and on June 25, 1965, the general contractor paid and delivered unto plaintiff its check for $24,976.97, leaving a balance due on the principal obligation of $23,170.92. The payments made to date include 90 per cent of the sub-contract price.

It is over the time of payment of the balance of $23,170.92 or 10 per cent of the sub-contract price, that the present controversy revolves.

The general contractor, while acknowledging the debt, maintains that the same is not presently due and owing and hence that this action is premature. It relies on paragraph III of the sub-contract (plaintiff's exhibit "B" attached to its complaint) which reads as follows, inter alia —

"III. *Method of Payment.* Payments shall be made by the Contractor to the Sub-Contractor . . . as follows: . . . upon approval and payment of the Contractor's estimate by the Owner [the City] said Sub-Contractor shall be paid 90 per cent of the amount of its approved estimate. Ten per cent of such estimate shall be retained by the Contractor until final completion of the project. *Final payment shall be made when written acceptances and payment in full have been received from the Owner by the Contractor . . .*"

The parties stipulate that — (a) the city has never accepted the project, (b) the city has never made payment in full to the general contractor, and (c) there presently exists a dispute between the city and the general contractor as to whether the parties to the prime contract have fully or substantially performed thereunder.

The general contractor, having paid 90 per cent of the price called for by the sub-contract, maintains that written acceptance of the project and payment in full by the city are conditions precedent to plaintiff's right to demand final payment.

Plaintiff on the other hand, maintains that paragraph III of the sub-contract is not to be construed as a conditional promise to pay, enforceable only when and if the condition precedent has taken place, which in the present case has not occurred, but rather that it constitutes an unconditional promise to pay with the time of payment being postponed until the happening of a certain event, or for a reasonable period of time if it develops that such event does not take place.

Plaintiff asserts that it is not responsible for the fact that written acceptance and final payment by the city under the prime contract has not yet been made, and further states that the sub-contract must be construed in the light of section 255.05, Florida Statutes, which provides in part that — "no such suit shall be instituted or prosecuted against the contractor or against the surety on the bond required in this section after one year from the performance of the labor or completion of the delivery of the materials and supplies."

The parties agree that the one year period of limitation had not expired prior to the institution of this action, but that it did subsequent to plaintiff's filing this suit.

The sole question before this court is whether this action is premature for that the city has not made written acceptance and payment in full under the prime contract.

This question must be answered in the negative. United States v. United Pacific Ins. Co. (1954) U.S.D.C., N.M., 122 F. Supp. 48; Thomas J. Dyer Co. v. Bishop Int. Eng. Co. (1962) U.S.C.A., 6th Circ., 303 F. 2d 655. See also: Trinity Universal Ins. Co. v. Smithwick (1955) U.S.C.A., 8th Circ., 222 F. 2d 16; Ballas v. Lake Weir Light and Water Co. (1930) Fla., 130 So. 421.

To adopt defendant's construction of the sub-contract would amount to a forced forefeiture of plaintiff's rights under the statute since the dispute between the city and the general contractor as to the terms of acceptance and payment could serve to defeat plaintiff's legitimate claim.

Clearly, it was not the intent of the parties at the time the contract was entered into that plaintiff would receive payment in full under the contract only if the general contractor was paid in full

and the project accepted in writing within one year from plaintiff's full performance of its sub-contract.

It seems clear that paragraph III when reviewed in the light of the parties' intentions can only be construed as an unconditional promise to pay with the time of payment postponed until the happening of a certain event.

That event not having occurred, then it must be construed to provide that payment must be made within a reasonable period of time. See cases cited above.

In view of the limitation provisions of section 255.05, a demand for payment shortly prior to one year from full performance of the sub-contract cannot be deemed unreasonable.

Since plaintiff could only protect its rights as against the general contractor and surety by bringing the present action within one year following performance of its sub-contract, action was not premature — because the 10 per cent balance of the sub-contract price *is* presently due.

Accordingly, it is ordered and adjudged as follows —

(1) That plaintiff's motion for summary judgment is granted in part, and partial summary judgment is entered against defendants as to the issue of the principal sum presently due and owing plaintiff, which sum the court finds to be in the amount of $23,170.92 as stipulated to by the parties herein.

(2) That plaintiff's motion for summary judgment is granted as to its right to recover interest, costs, and attorney's fees pursuant to sections 627.0127 and 627.0905, Florida Statutes, respectively.

(3) That the amount of interest and costs to be awarded plaintiff shall be reserved pending the filing of further proofs herein.

(4) That the amount of attorney's fees to be awarded plaintiff's attorney shall be reserved pending the entry of final judgment, the court having already received oral testimony thereon.