# BOWERSOCK *v.* SMITH, ADMINISTRATRIX OF SMITH.

ERROR TO THE SUPREME COURT OF THE STATE OF KANSAS.

No. 172. Submitted February 1, 1917.—Decided March 6, 1917.

A State may by law provide for the protection of employees engaged in hazardous occupations by requiring that dangerous machinery be safeguarded, and by making the failure to do so an act of negligence upon which a cause of action may be based in case of injury or death resulting therefrom.

Consistently with due process, the State may also provide that in actions brought under such a statute the doctrines of contributory negligence, assumption of risk and fellow servant shall not bar recovery and that the burden shall be upon the defendant to show compliance with the act.

Chapter 356 of the Laws of Kansas of 1903, Gen. Stats., 1909, §§ 4676–4683, as construed by the Supreme Court of the State, lays upon the owners of manufacturing establishments an absolute duty to safeguard their machinery, makes them liable in damages for injuries

or death of employees resulting from breach of the duty, and abolishes the defenses of contributory negligence and assumption of risk. *Held*, that the statute was not rendered violative of due process under the Fourteenth Amendment by application to the case of an employee who had contracted with the owner to provide the safeguards the absence of which resulted later in his injury and death.

The statute makes the duty to provide safeguards absolute in the case of corporate as well as individual owners, and hence affords no basis for a contention that it denies the equal protection of the laws in permitting the former, while forbidding the latter, to escape liability by contract.

95 Kansas, 96, affirmed.

THE case is stated in the opinion.

*Mr. Charles F. Hutchings* and *Mr. McCabe Moore* for plaintiff in error.

*Mr. Joseph Taggart, Ada Burhans Smith,* Administratrix, *pro se, Mr. J. H. Mitchell* and *Mr. S. D. Bishop* for defendant in error.

MR. CHIEF JUSTICE WHITE delivered the opinion of the court.

Chapter 356 of the Laws of Kansas of 1903, General Statutes of 1909, §§ 4676 to 4683, is entitled and provides in part as follows:

"An Act requiring safeguards for the protection of all persons employed or laboring in manufacturing establishments, and providing civil remedies for all persons so engaged, or their personal representatives, in cases where any such person may be killed or injured while employed or laboring in any manufacturing establishment which is not properly provided with the safeguards required by this act.

*            *        *        *        *        *        *        *

"Sec. 4. All . . . machinery of every description used in a manufacturing establishment shall, where prac-

ticable, be properly and safely guarded, for the purpose of preventing or avoiding the death of or injury to the persons employed or laboring in any such establishment; and it is hereby made the duty of all persons owning or operating manufacturing establishments to provide and keep the same furnished with safeguards as herein specified.

"Sec. 5. If any person employed or laboring in any manufacturing establishment shall be killed or injured in any case wherein the absence of any of the safeguards or precautions required by the act shall directly contribute to such death or injury, the personal representatives of the person so killed, or the person himself, in case of injury only, may maintain an action against the person owning or operating such manufacturing establishment for the recovery of all proper damages. . . .

"Sec. 6. In all actions brought under and by virtue of the provisions of this act, it shall be sufficient for the plaintiff to prove in the first instance, in order to establish the liability of the defendant, that the death or injury complained of resulted in consequence of the failure of the person owning or operating the manufacturing establishment where such death or injury occurred to provide said establishment with safeguards as required by this act, or that the failure to provide such safeguard directly contributed to such death or injury."

This act being in force, Smith, the superintendent of the Lawrence Paper Manufacturing Company, while engaged in adjusting some unguarded dryer rolls, was caught between them, crushed and killed. Relying upon the law above quoted, his personal representative sued Bowersock, the owner of the factory, to recover the damages suffered. The petition alleged the dangerous character of the dryer rolls and the fact that, although it was practicable to guard them, the requirements of the act in that respect had not been complied with, and

charged that the failure to do so directly caused the death of Smith. It was further alleged that at the time of the accident Smith was engaged in adjusting the machinery under the direction of a superior officer, the assistant manager of the factory. The answer, while denying generally the allegations of the petition, alleged that it was not practicable to guard the dryer rolls and averred that Smith was guilty of contributory negligence. It was also averred that as superintendent Smith by his contract of employment was under the duty of safeguarding the machinery and was charged generally with authority to direct the use of the same and hence he had assumed the risk of injury from failure to guard the dryer rolls and hence his injury and death resulted solely from his own neglect and through no fault on the part of the owner.

At the trial the plaintiff's evidence tended to support all of the allegations of the petition. The defendant offered evidence tending to show that the guarding of the dryer rolls was not practicable and that Smith had been guilty of contributory negligence. Further evidence was introduced tending to show that when Smith was employed as superintendent it was stipulated by him as a condition to his accepting the position, that he should have full and complete charge and management of the factory, including grounds, building, machinery and men, and that he should place guards on the machinery where needed for the protection of the employees. In addition the defendant, in support of the allegation that he had fully performed his duty under the statute, introduced in evidence the following notice which he had posted in the factory in question and three others which he carried on:

"CAUTION. Every Employe is Urged to be Careful in Order to Avoid Accidents.

"If there is any machinery, dangerous place or tool that you think should be safeguarded, repaired or improved, we will regard it a favor if you will report same at once to

the office. It is desired that all employes assist in reducing accidents to lowest possible point. November, 1911."

The court instructed the jury over the objection of the defendant that under the statute contributory negligence was no defence and that the fact that Smith was employed as superintendent of the factory with authority to safeguard the machinery would not bar a recovery and charged with reference to the burden of proof in accordance with the provision of the statute relating to that. subject. There was a verdict for the plaintiff and the judgment entered thereon was affirmed by the court below. It was held, following previous decisions, that the common-law defences of contributory negligence, fellow servant and assumption of the risk were not applicable to suits under the statute. The court further construing the statute, held that it embraced all employees of every class or rank in the factories to which it applied and that merely because the deceased was employed as superintendent did not exclude him from the benefits of the act nor relieve the owner from responsibility under it. And it was held that a different result was not required because the deceased had contracted with the owner to safeguard the machinery under the circumstances of his employment. In so ruling the court referred to the evidence and pointed out that although there was testimony as to the authority of the deceased under his contract to safeguard the machinery, at the same time the evidence showed that in the exercise of such authority he was under the control of three superiors, all of whom had testified that they did not consider it practicable to safeguard the dryer rolls. Attention was also directed to the notice above reproduced which the defendant posted with reference to guards on machinery as showing a control over that subject by the owner. 95 Kansas, 96.

. The case is here because of the asserted denial of rights guaranteed by the Fourteenth Amendment.

That government may, in the exercise of its police power, provide for the protection of employees engaged in hazardous occupations by requiring that dangerous machinery be safeguarded and by making the failure to do so an act of negligence upon which a cause of action may be based in case of injury resulting therefrom, is undoubted. And it is also not disputable that, consistently with due process, it may be provided that in actions brought under such statute the doctrines of contributory negligence, assumption of risk and fellow servant shall not bar a recovery, and that the burden of proof shall be upon the defendant to show a compliance with the act. *Missouri Pacific Ry. Co.* v. *Mackey,* 127 U. S. 205; *Second Employers' Liability Cases,* 223 U. S: 1; *Missouri Pacific Ry. Co.* v. *Castle,* 224 U. S. 541; *Chicago, Burlington & Quincy Ry. Co.* v. *United States,* 220 U. S. 559; *Mobile, Jackson & Kansas City R. R. Co.* v. *Turnipseed,* 219 U. S. 35; *Easterling Lumber Co.* v. *Pierce,* 235 U. S. 380.

. While not directly disputing these propositions and conceding that the Kansas statute contains them and that it is not invalid for that reason, nevertheless it is insisted that the construction placed upon the statute by the court below causes it to be repugnant to the due process clause of the Fourteenth Amendment. This contention is based alone upon the ruling made by the court below that under the statute the deceased had a right to recover although he had contracted with the owner to provide the safeguards the failure to furnish which caused his death, a result which, it is urged, makes the owner liable and allows a recovery by the employee because of his neglect of duty. We think the contention is without merit. It is clear that the statute as interpreted by the court below —a construction which is not challenged—imposed a duty as to safeguards upon the owner which was absolute and as to which he could not relieve himself by contract. This being true, the contention has nothing to rest upon since

in the nature of things the want of power to avoid the duty and liability which the statute imposed embraced all forms of contract, whether of employment or otherwise, by which the positive commands of the statute would be frustrated or rendered inefficacious. *Second Employers' Liability Cases*, 223 U. S. 1, 52.

Again it is contended that the statute denies to the plaintiff in error the equal protection of the laws, since it discriminates against factories owned and operated by individuals in favor of those carried on by corporations. This is the case, it is said, because a corporation in the nature of things can only comply with the requirements of the statute by contracting with agents or employees to safeguard the machinery, to whom in case of injury the corporation would not be liable, while an individual owner under the ruling of the court must perform that duty himself. The reasoning is obscure but we think it suffices to say that it rests upon an entire misconception since the statute imposes the positive duty to have the machinery duly safeguarded whether the owner be an individual or a corporation, and the want of power by contract to escape the liability which the statute imposes also equally applied to corporations as well as individuals. It follows, therefore, that the statute affords no semblance of ground upon which to rest the argument of inequality which is urged.

*Affirmed.*