UNITED STATES of America for the
Use of W. R. ACKERMAN,
Plaintiff,
v.
The HOLLOWAY COMPANY, a corpora-
tion, and United Pacific Insurance Co.,
a corporation, Defendants.

UNITED STATES of America for the Use
of PEELER–HANSEN–WILSON COM-
PANY, a Texas Corporation, Plaintiff,
v.
The HOLLOWAY COMPANY, a corpora-
tion, and United Pacific Insurance Co.,
a corporation, Defendants.

UNITED STATES of America for the Use
of Hugh McMILLAN and Hugh
McMillan, Plaintiffs,
v.
The HOLLOWAY COMPANY, a corpora-
tion, and United Pacific Insurance Co.,
a corporation, Defendants.

Civ. Nos. 2493, 2499, 2445.

United States District Court
D. New Mexico.

Dec. 7, 1954.

Everett Grantham, James Paulantis,
Albuquerque, N. M., for plaintiffs.

Irwin S. Moise & Lewis R. Sutin, Al-
buquerque, for defendants.

ROGERS, District Judge.

For the purpose of this phase of each
of the above causes, they were consoli-
dated for a hearing on the matter of
whether the complaints in said causes
were prematurely filed. The question of
prematurity of filing was raised by the
second defense of the answer filed in each
cause, which, in effect, stated that the
contract between each of the plaintiffs,
who were sub-contractors to the princi-
pal contractor, Holloway Company, pro-
vided, in part, as follows:

"No payment is due hereunder,
whether a progress payment or final
payment, until such progress pay-
ment or final payment has been made
by the government to the Holloway
Company * * * Final payment
to be made upon receipt of final pay-
ment from the U. S. Government by
prime contractor; * * *."

There is no dispute in any of these
causes, that each of the sub-contractors,
plaintiffs herein, satisfactorily perform-
ed each sub-contract according to the

terms thereof; that there has been a "final settlement" in each case, and that the date of the final settlement is more than one year from the date of this opinion. Final payment has not been received by the prime contractor, which, at this time, is the United Pacific Insurance Company, the corporate surety on the payment bond executed to the United States of America, pursuant to Section 270a, Title 40 U.S.C.A., the surety having taken over the performance of the prime contract with the Government, due to the financial inability of the Holloway Company so to do. The record indicates that complaints were filed more than ninety days after the final settlement, and prior to the expiration of one year from final settlement.

From a recitation of the above facts, it can be readily seen that these cases are four-square within the case heretofore decided in this District by District Judge Wallace, of the Western District of Oklahoma, who sat here by designation. That was the case of United States for Use of Bailey v. United Pacific Insurance Co., decided in June of 1954, and reported in 122 F.Supp. 48. The issues between the Bailey case and the instant causes being identical, and the Court agreeing, in the main, with the reasoning and the authorities cited in the Bailey case, I now hold that the instant cases were not prematurely filed.

█ In addition to the reasoning set forth in the Bailey case, this Court is of the opinion that the provisions in the contracts between the plaintiffs and the Holloway Company, to the effect no payment is to be due the sub-contractor until final payment has been made by the government to the prime contractor, are contrary to the public policy to be gleaned by a reading of the Miller Act, Title 40 U.S.C.A. § 270a et seq. A study of this Act reveals Congress had a purpose in mind, providing an efficient and speedy method whereby those supplying labor and materials to a person having a contract with the Government of the United States for the erection of public improvements could, in the event of proper performance of the contract on their part, recover by an action on a payment bond to be furnished by the prime contractor and a corporate surety, the amounts due and owing said sub-contractor, at the completion of the latter's performance. Reasonable periods were inserted in the Miller Act, within which an action to recover under a statutory bond, could be had; a period of ninety days after the final settlement, which provided the prime contractor and its corporate surety a reasonable time to pay the subcontractor, and a statute of limitations within which the action must be brought so that the prime contractor and its surety would not be confronted with stale claims and litigation which, by a passage of time, would be difficult for the latter to defend. It should be noted that the improvements erected in the cases at bar, were so erected at the White Sands Proving Ground, in Otero and Dona Ana Counties, New Mexico. This illustrates the necessity for Congress to enact legislation which gives all reasonable financial security to persons who furnish labor and supplies to those performing important public contracts for the United States. Any contractural deviations from the objectives of the Miller Act, which cause or tend to cause unwarranted delay to good faith sub-contractors, are against the public policy of the Act, and should not afford an escape to those prime contractors who have secured insertion of the above covenants in contracts between them and sub-contractors. See Bowersock v. Smith, 243 U.S. 29, 37 S.Ct. 371, 61 L.Ed. 572; Grandview Inland Fruit Co. v. Hartford Fire Ins. Co., 189 Wash. 590, 66 P.2d 827, 109 A.L.R. 1472.

█ It is significant that none of the provisions of the Miller Act save a cause of action under that Act, from the operation of the one-year statute of limitations, during which action could not be brought, if defendants' contentions were tenable. We would thus have a situation where, as in the instant cases, a final and complete payment was not made during the year following final settle-

ment. Under this situation, a sub-contractor's rights would have expired by the running of the one-year statute of limitations, before he would be entitled to institute his cause of action. It is quite clear this was not a situation which Congress wanted to establish when it enacted the present Act. The Act, as enacted by Congress, is for the purpose of securing payment of claims of sub-contractors for furnishing material and performing labor, not to prevent such payment.

Finding as it does, that the covenants in sub-contracts are violative of the Miller Act, and the defendants' payment bond, and accordingly are not enforceable, here, together with the logic and reasoning of the Bailey case, supra, the Court decides that the complaints in each of the causes were not prematurely filed, and that judgment for the amounts either stipulated or found by the Court to be due the plaintiffs from the defendants, should be ordered paid to the respective plaintiffs, by a judgment.

Judgments in conformity with this opinion will be submitted to the Court for signature within ten days from the date hereof.