The UNITED STATES of America, for the Use and Benefit of SEABOARD SURETY COMPANY, Plaintiff,

v.

ELECTRONIC & MISSILE FACILITIES, INC., and Continental Casualty Company, Defendants.

No. C 40-62.

United States District Court
D. Puerto Rico,
San Juan Division.

July 19, 1962.

Tomas I. Nido, San Juan, P. R., for plaintiff.

R. Martinez Alvarez, San Juan, P. R., and A. Gonzalez, Santurce, P. R., for defendants.

RUIZ-NAZARIO, Chief Judge.

This action is now before the Court for disposition of two motions: (1) that of the use plaintiff for a temporary order addressed to defendant Electronic & Missile Facilities Inc. restraining it from further proceeding with its petition seeking compulsory arbitration against plaintiff's assignor Emerson-Garden Electric Co. Inc.—Caribbean, and filed before the Supreme Court of the State of New York, County of New York, until this Court shall have passed on its alleged right to compulsory arbitration in the light of the "Miller Act" provisions (Title 40

U.S.C.A. § 270b, (a) (b)) and (2) that of the defendants Electronic and Missile Facilities Inc. and Continental Casualty Company, moving that this action be dismissed or in the alternative, that the proceedings herein be stayed because of the arbitration clause agreed to in the sub-contract between plaintiff's assignor and the defendant Electronic and Missile Facilities Inc., in conjunction with Article 84 of the Civil Practice Act of the State of New York and the provisions of the United States Arbitration Act (Title 9 U.S.C.A. § 3), said defendant having already requested compulsory arbitration thereunder from the Supreme Court of the State of New York, County of New York.

The parties have filed exhaustive memoranda in support of their respective positions on said motions and the Court is duly advised in the premises.

The use plaintiff, in support of its motion and in opposition to defendants' motion, mainly relies on the Miller Act, Sec. 270b(a) and (b), Title 40 U.S.C.A. and in the case of United States of America for the Use of H. W. Moseley, d/b/a Moseley Plumbing and Heating Company v. Electronic & Missile Facilities Inc., formerly Five Boro Construction Corporation, and Continental Casualty Company, decided on September 2, 1961 by the United States District Court for the Middle District of Georgia, Macon Division, Civil Action No. 1731 (unreported) which is now on appeal before the United States Court of Appeals for the Fifth Circuit, 306 F.2d 554.

It has also cited, United States for Use of Ackerman v. Holloway Company, D.C., 126 F.Supp. 347, and Bernhardt v. Polygraphic Co., 350 U.S. 198, 76 S.Ct. 273, 100 L.Ed. 199.

The Moseley case, although a Miller Act suit, is distinguishable from the present action. There the plaintiff sought to cancel or rescind for fraud both of the sub-contracts, and in one of the causes of action recovery was sought on a *quantum meruit* basis. Here the use plaintiff merely seeks payment of the balance of the agreed contract price plus extras thereunder and, rather than assailing the contract, rests on its affirmance.

There the Court ruled that the provisions of the United States Arbitration Act, 9 U.S.C.A. §§ 2, 3 and 4, could not be involved against a Miller Act suit, pursuant to Sec. 270b(a) and (b) Title 40 U.S.C.A., providing that the action has to be filed in the Court of the district in which the contract was performed and executed and *not elsewhere* and that the use plaintiff has the right to *prosecute said action to final execution and judgment for the sum or sums justly due him.*

The decisions of the Appellate Courts from other circuits, cited by the defendants and which will be discussed hereinafter, have held just the opposite.

The situation in United States for Use of Ackerman v. Holloway Company, also relied on by the use plaintiff, is inapposite to that which prevails here. No arbitration clause was involved in that case and the Court did not have before it, as it happens here, any conflict between the Miller Act and the United States Arbitration Act.

■ Neither is Bernhardt v. Polygraphic Co., supra, applicable here. There, the jurisdiction of the district court was exclusively based on diversity and not on the Miller Act provisions as here. As it was a diversity case, the Supreme Court, following its long established doctrine that in diversity cases the federal courts are merely state courts which under the Erie case have to apply and follow the state's substantive law, decided that the court had to apply the local laws of Vermont, under which the agreement to arbitrate was revocable at any time before an award was actually made. That is not the situation prevailing here.

■ The jurisdiction of this court in the present action does not rest on diversity. It has been exclusively invoked under the Miller Act, Sec. 270b(a) and (b), Title 40 U.S.C.A.

As regards the United States Arbitration Act (9 U.S.C.A. § 2) there is no doubt that the sub-contract here sued upon comes within the ambit of said section. See: Goldberg v. Nolla, Galib & Cia, 1961, 1 Cir., 291 F.2d 371, and civil action No. 5747 of this Court, entitled Goldberg, etc. v. Five Boro Construction Corporation.

Therefore, irrespective of the provisions of the Miller Act, Title 40 U.S.C.A. § 270b(a) and (b), this Court is bound to apply the United States Arbitration Act provisions, Title 9 U.S.C.A. § 3 and stay the trial and proceedings herein until arbitration under the terms of the arbitration clause of the sub-contract here sued upon has been had. See: Agostini Bros. Bldg. Corp. v. United States, (1944) 4 Cir., 142 F.2d 854. United States for Use and Benefit of Air-Con, Inc. v. Alcon Development Corporation (1959) 4 Cir., 271 F.2d 904.

Agostini Bros. Bldg. Corp. v. United States, supra, was distinguished and cited with approval by the Court of Appeals for the 2d Circuit, in Wilko v. Swan (1953) 201 F.2d 439, at p. 443, and by the Supreme Court on review (1953) 346 U.S. 427, at pp. 430, 432 (F.N. 13), and 435 (F.N. 21), 74 S.Ct. 182, at pp. 184, 185 and 187.

Defendants' request that this action be dismissed must be denied.

The co-defendant herein Continental Casualty Company is the surety on the contractor's bond on which the use plaintiff seeks to recover its claim in this Miller Act suit, but the right of the contractor to arbitration, under Paragraph 26 of its sub-contract, does not exist in favor of said co-defendant as such surety, inasmuch as it is not a party to the sub-contract and said surety is only entitled to a stay of the action until the contractor's right to compel arbitration is given effect. See: Modern Brokerage Corporation v. Massachusetts Bonding & Ins. Co. (1944) D.C.S.D.N.Y. 54 F. Supp. 939.

It follows, therefore, that (1) use plaintiff's motion for a preliminary restraining order must be denied, (2) defendants' motion to dismiss this action must also be denied, and that said defendants' request under Sec. 3 of Title 9 U.S.C.A. (U.S.Arbitration Act), that the trial and further proceedings in this action be stayed until the arbitration agreed to in Par. 26 of the sub-contract sued upon here has been had in accordance with the terms of said agreement, must be granted, as this Court is satisfied that the issue involved in this action is referable to arbitration under such agreement.

It is so ordered.