Walter B. Comegys, Jr., Roger P. Stokey, Goodwin, Procter & Hoar, Boston, Mass., for defendant.

**UNITED STATES of America for the Use and Benefit of INDUSTRIAL ENGINEERING & METAL FABRICATORS, INC.**

v.

**ERIC ELEVATOR CORPORATION and Continental Casualty Company.**

**Civ. A. No. 62–266.**

United States District Court
D. Massachusetts.

March 21, 1963.

FRANCIS J. W. FORD, District Judge.

This is an action under the Miller Act, 40 U.S.C.A. § 270b in which use plaintiff, a subcontractor, for work to be performed in the construction of a missile site at Danvers, Massachusetts, seeks to recover from prime contractor and the surety on its payment bond the balance allegedly due for labor and materials furnished under the subcontract. Plaintiff moves to strike the second and third defenses of defendants' answer, both of which seek a stay of proceedings pending arbitration pursuant to the provisions of paragraph Twenty-Sixth of the subcontract, which provides:

"TWENTY-SIXTH: a) Any controversy or claim arising out of or relating to this agreement or the breach thereof, provision for the determination of which is not made elsewhere in this agreement, shall be settled by arbitration in the Borough of Manhattan, City and State of New York in accordance with the Civil Practice Act of the State of New York. The CONTRACTOR and the SUBCONTRACTOR agree that any application by either side:

for the appointment of an arbitrator in accordance with this paragraph shall be made in the Supreme Court of the State of New York, County of New York, and that said Court shall have jurisdiction over every party in connection with any such arbitration. The cost of such arbitration shall be borne equally."

Plaintiff contends that the arbitration provision is invalid because it ousts this court of its jurisdiction and frustrates the purpose of the Miller Act with its provision for the bringing of suit in the district in which the contract was to be performed.

■■ It seems clear, and plaintiff appears to agree, that in general the provisions of the Federal Arbitration Act, 9 U.S.C.A. § 2 et seq., are applicable to suits under the Miller Act. The language of the Arbitration Act is clearly broad enough to include Miller Act suits within its scope and nothing in the language of the Miller Act itself precludes agreements to arbitrate. In general, parties can agree to submit to arbitration rights created by statute as well as those arising at common law unless the right is one of a character inappropriate for enforcement by arbitration. Miller Act cases have been pointed out as typical of those in which arbitration is not only appropriate but useful, Wilko v. Swan, 346 U.S. 427, 432, 435, 74 S.Ct. 182, 98 L.Ed. 168, and the courts uniformly appear to have held that the provisions of the Arbitration Act are ordinarily applicable to them. United States for Use and Benefit of Air-Con, Inc. v. Al-con Development Corp., 4 Cir., 271 F.2d 904; United States for Use and Benefit of Frank A. Trucco & Sons Co. v. Bregman Construction Corp., 7 Cir., 256 F.2d 851; Agostini Bros. Bldg. Corporation v. United States on Behalf of and for Use of Virginia-Carolina Electrical Works, Inc., 4 Cir., 142 F.2d 854.

■ Plaintiff argues, however, that the arbitration clause involved here is invalid because it provides for arbitration in New York. Its contention seems to be that since the Miller Act requires that any suit under its provisions shall be brought in the district in which the contract was to be performed, any arbitration must be had only in that district. Such a contention was rejected in Electronic Missile Facilities, Inc. v. United States for Use of H. W. Moseley, 5 Cir., 306 F.2d 554 and United States for Use and Benefit of Seaboard Surety Company v. Electronic & Missile Facilities, Inc., D.C., 206 F.Supp. 790.

Plaintiff's view is that the provision as to the place of bringing suit was inserted into the Miller Act for the protection of plaintiffs and that to permit agreements to arbitrate in any other district would defeat the purpose of the Act. It does not appear, however, that the provision is necessarily one for the protection of plaintiff. The place in which the contract was to be performed is not necessarily that in which in any given case the plaintiff may find it most convenient to sue. The provision has in fact been held by some courts to be for the protection of defendants. Texas Construction Company v. United States for Use of Caldwell Foundry & Mach. Co., 5 Cir., 236 F.2d 138. In any event, plaintiff has offered no convincing argument that the Miller Act provision, even if for plaintiff's protection, cannot be waived by a free contract of the parties to arbitrate their differences at some other place. The act gives the plaintiff the right to have his claims decided by the court. If plaintiff can agree to waive this right and submit the case for decision by an arbitration tribunal, he should certainly be able to agree to have the arbitration take place outside the district. The Arbitration Act leaves the parties free to determine by their own agreement how and where arbitration shall be conducted, and the court which may confirm the award, 9 U.S.C.A. § 9. The fact that arbitration under the agreement is to be conducted outside the jurisdiction is no bar to the grant by this court of a stay pending arbitration at the place fixed by the agreement of the par-

-ties. Shanferoke Coal & Supply Corp. v. Westchester Service Corp., 293 U.S. 449, 452, 453, 55 S.Ct. 313, 79 L.Ed. 647.

Plaintiff's motion to strike the second and third defenses of defendants' answer is denied.