**UNITED STATES of America, for the Use and Benefit of CHICAGO BRIDGE & IRON COMPANY, an Illinois corporation, Appellant,**

**ETS–HOKIN CORPORATION, a California corporation, and the Travelers Indemnity Company, a Connecticut corporation, Appellees (two cases).**

**Nos. 21033, 21816.**

United States Court of Appeals
Ninth Circuit.

June 21, 1968.

**936**

---

No. 21033:

Frank C. Brophy, Jr., of Ryley, Carlock & Ralston, Phoenix, Ariz., for appellant.

Laurence N. Walker (argued), of Feldman, Waldman & Kline, San Francisco, Cal., Langerman, Begam & Lewis, Phoenix, Ariz., for appellee.

No. 21816:

Ryley, Carlock & Ralston, Phoenix, Ariz., for appellant.

Feldman, Waldman & Kline, San Francisco, Cal., for appellee.

Before JERTBERG and DUNIWAY, Circuit Judges and FOLEY, JR.,* District Judge.

JERTBERG, Circuit Judge:

A separate appeal was taken in each of the above causes, and separate briefs were filed, but were consolidated for hearing in this court. Hereafter we shall refer to Cause No. 21,033 as the "Arizona Case" and to Cause No. 21,816, as the "California Case." The United States is the nominal appellant in each case but the Chicago Bridge & Iron Company is the real party in interest, and shall hereafter be referred to as the "Subcontractor." One of the appellees in each case, Ets-Hokin Corporation, shall hereafter be referred to as the "Prime Contractor", and the other appellee in each case, The Travelers Indemnity Company, shall hereafter be referred to as the "Surety".

The facts common to both causes, leading up to the filing of law suits in the two district courts, may be summarized as follows:

On June 25, 1962, a prime contract was entered into between the Prime Contractor and the United States [Bureau of Reclamation, Department of the Interior], as the owner, and the Prime Contractor, as contractor, which called for the Prime Contractor to perform certain work in the completion of the power house and switchyard at the Glen Canyon Dam project at Page, Arizona.

On August 22, 1962, the Prime Contractor and the Subcontractor entered into a written subcontract which called for the Subcontractor to perform a portion of the work required under the prime contract.

The Surety is the Prime Contractor's surety on the prime contract, and furnished the performance and payment bonds required by Section 1 of the Miller Act (40 U.S.C. § 270a).

During the course of the performance of the prime contract and the subcontract, a dispute arose as the result of a demand by the Prime Contractor that the Subcontractor perform certain work generally described as the pre-stressing of certain spiral cases in the installation of turbine units. The Subcontractor denied that it was required to do this work, and

---

* The Honorable Roger D. Foley, United States District Judge for the District of Nevada, sitting by designation.

the Prime Contractor performed the work and to cover the cost of doing it, withheld from Subcontractor's progress payments the sum of $37,077.56.

On or about July 7, 1964, Subcontractor filed its action in the United States District Court for the District of Arizona under Section 2 of the Miller Act (40 U.S.C. § 270b), and sought judgment against the Prime Contractor and its Surety in the amount of said sum of $37,077.56. Immediately after the filing of this action, the Prime Contractor served by mail on the Subcontractor a Demand for Arbitration, invoking Article 23 of the standard printed form of its subcontract. This article provides:

"ARBITRATION: In case of any dispute between the parties as to the interpretation of this agreement or as to a change in the Subcontract price of Subcontract time due to the issuance of a change order, or with respect to any other matter arising out of or in connection with this Subcontract or its performance, either party may demand that the dispute be submitted to arbitration. The demand shall be in writing, shall be served on the other party and shall specify the arbitrator chosen by the party making the demand. Within 7 days after receipt of the demand, the other party shall appoint an arbitrator, by written notice served on the party making the demand. The two arbitrators so chosen shall select a third arbitrator. The decision of any two arbitrators shall be binding and conclusive on the parties, shall be in writing and shall be a condition precedent to any right of legal action. In no case shall submission of a matter to arbitration be a cause for delay or discontinuance of any part of the work. Each party shall bear the expense of its own arbitrator and the expense of the third arbitrator and other costs of arbitration shall be divided equally between the parties."

On August 21, 1964, the Prime Contractor moved the district court for a Stay of Action pending Arbitration. The Subcontractor filed its response to that motion. At the time of oral argument on the motion, the appellees stipulated that the Surety would be bound by any award entered by the arbitrators. The district judge granted the Motion for a Stay, as follows:

"It is ordered that defendant's motion for stay of action pending arbitration is granted, only as to specific items raised on the motion, subject to either party coming back to this Court for relief by reason of any delay in such arbitration."

No appeal was taken by the Subcontractor from such order. Thereafter the dispute proceeded to arbitration before three arbitrators, one selected by the Prime Contractor, one selected by the Subcontractor, and the third arbitrator selected by the other two. All three arbitrators were engineers.

The arbitration took place at San Francisco, California, and on August 30, 1965, the arbitrators rendered their award. The award included an opinion and was signed by two of the three arbitrators. A dissent as to "some of the findings stated in the award" was signed by the arbitrator selected by the Subcontractor. The arbitrators held that the Prime Contractor was entitled to withhold from Subcontractor only the sum of $16,850.45 of the total of $37,077.56 which had been sought by the Subcontractor. The award directed payment by the Prime Contractor to the Subcontractor of $20,227.11.

On or about November 24, 1965, the Subcontractor filed its motion in the Arizona court to Vacate the Stay Order, and an alternate Motion to Vacate the Arbitration Award. The court denied both motions. A minute order to that effect was filed on January 31, 1966. It is from that order that the appeal in the Arizona case is taken.

We first consider the Subcontractor's appeal in the Arizona case.

Before discussing the merits of the appeal, we reject, without discussion, the Prime Contractor's contention that this court is without jurisdiction because

Subcontractor's Notice of Appeal was not timely filed.

Title 9 U.S.C. § 2 of the Federal Arbitration Act provides in pertinent part:

"A written provision in * * * a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, * * * shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."

Title 9 U.S.C. § 3, provides:

"If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration."

■ On this appeal the main and basic position urged upon us by the Subcontractor is that a Miller Act claimant is entitled to a judicial determination of his claim, notwithstanding the fact that the claim arises out of a written contract containing an otherwise valid arbitration clause, and that such right to judicial determination cannot be waived by an arbitration clause contained in the written contract out of which the claim arises, or be overridden by the policy or provisions of the Federal Arbitration Act. We disagree.

We find nothing in the legislative history, policy, or provisions of the Miller Act which forecloses, or, in the facts and circumstances of this case, which prevents the Prime Contractor from requiring the Subcontractor to arbitrate the dispute between them in accordance with the arbitration clause of the contract previously entered into.

The enforceability of arbitration agreements has been directly upheld in many Miller Act cases. United States ex rel. Capolino Sons, Inc. v. Electronic & Missile Facilities, Inc., 364 F.2d 705 (2d Cir.), cert. denied, 385 U.S. 924, 87 S.Ct. 239, 17 L.Ed.2d 148 (1966); Electronic & Missile Facilities, Inc. v. United States ex rel. Moseley, 306 F.2d 554 (5th Cir. 1962), rev'd on other grounds sub nom. Moseley v. Electronic & Missile Facilities, Inc., 374 U.S. 167, 83 S.Ct. 1815, 10 L.Ed.2d 818 (1963); Agostini Bros. Bldg. Corp. v. United States ex rel. Virginia-Carolina Electrical Works, Inc., 142 F.2d 854 (4th Cir. 1944); United States ex rel. Industrial Engineer & Metal Fabricators, Inc. v. Eric Elevator Corp., 214 F.Supp. 947 (D.Mass.1963); United States ex rel. Seaboard Surety Co. v. Electronic & Missile Facilities, Inc., 206 F.Supp. 790 (D.P.R.1962). See also: Ets-Hokin & Galvan, Inc. v. United States ex rel. Albert S. Pratt, Inc., 350 F.2d 871 (9th Cir. 1965); United States ex rel. Air-Con., Inc. v. Al-Con Dev. Corp., 271 F.2d 904 (4th Cir. 1959); United States ex rel. Frank A. Trucco & Sons Company v. Bregman Construction Corp., 256 F.2d 851 (7th Cir. 1958).

It follows from what has been said that the district court did not err in denying the Subcontractor's motion to vacate the stay order previously entered.

■ Subcontractor contends that the district court erred in denying its alternate motion to vacate the arbitration award. The motion was based upon Section 10 of the Arbitration Act, 9 U.S.C. § 10. That section provides that:

"The United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration—"

in the instances set forth in the section. The arbitration in this case was held, and the award was made by the arbitrators at San Francisco, California, and not in

the District of Arizona. We agree with the District Court of Arizona that it was without jurisdiction to set aside the arbitration award.

The order appealed from in the Arizona case is affirmed.

We now consider the Subcontractor's appeal in the California case.

On November 29, 1965, Subcontractor filed in the United States District Court for the Northern District of California an application to set aside the award made by the arbitrators. The Prime Contractor filed its reply to such application, and also filed, in the same court, its petition for confirmation of the arbitration award.

On December 30, 1966, the United States District Court for the Northern District of California issued its order confirming the award of the arbitrators and denying Subcontractor's application for an order to set aside the arbitration award. Judgment on that order was entered on January 16, 1967. It is from such judgment that the appeal in the California case was taken.

The judgment is affirmed on the grounds and for the reasons stated in the "Order Confirming Award of Arbitrators" dated and filed December 30, 1966, reported at 284 F.Supp. 471.