**MOTION PICTURE LABORATORY TECHNICIANS LOCAL 780, IATSE, Plaintiff,**

v.

**McGREGOR & WERNER, INC., Defendant.**

**No. 85 Civ. 1875 (RLC).**

United States District Court, S.D. New York.

Oct. 21, 1985.

Delson & Gordon, New York City, Bernard M. Mamet & Associates, Chicago, Ill., for plaintiff; Bernard M. Mamet, of counsel.

Freehill, Hogan & Mahar, New York City, for defendant; Jesse S. Hogg, Allen J. McKenna, Hogg, Allen, Ryce, Norton & Blue, P.A., Coral Gables, Fla., of counsel.

## OPINION

ROBERT L. CARTER, District Judge.

Defendant moves pursuant to Rule 12(b), (1), (2), (3) and (5), F.R.Civ.P., to dismiss the complaint for lack of subject matter jurisdiction, lack of *in personam* jurisdiction, improper venue and insufficient service of process.

This is a suit seeking to have judgment entered on an arbitration award. The United States Arbitration Act, 9 U.S.C. § 9, provides that the parties may specify the court to which application may be made for an order confirming an arbitration award. If, however, no court is specified by the parties, Section 9 provides that "application may be made to the United States court in and for the district within which such award was made."

Defendant contends that subject matter jurisdiction is lacking because the arbitration proceedings took place in Florida and only ministerial acts of the arbitrator took place here. However, it must be conceded that the award was made in New York, since that fact is evidenced by the attestation and signature of the arbitrator. Since no specific court was named to which application for confirmation was to be made, plaintiff was entitled to seek confirmation in this court. *U.S. ex rel. Chicago Bridge & Iron v. Ets-Hokin Corp.*, 397 F.2d 935 (9th Cir.1968); *Island Creek Coal Sales Co. v. City of Gainesville*, 729 F.2d 1046 (6th Cir.1984); *City of Naples v. Prepakt Concrete Co.*, 490 F.2d 182, *modified on other grounds*, 494 F.2d 511 (5th Cir.), *cert. denied*, 419 U.S. 843, 95 S.Ct. 76, 42 L.Ed.2d 71 (1974). Indeed, plaintiff could not obtain the order it seeks in any court but this. The claim that subject matter jurisdiction is lacking, therefore, has no merit.

Section 9 provides that a non-resident adverse party "be served by the marshall of any district within which the adverse party may be found in like manner as other process of the court." Personal service was made on a vice president and authorized agent of the defendant at its corporate headquarters. Defendant was also served by mail as provided in Rule 4, F.R.Civ.P., and arrangements were made for personal service by the United States Marshal for the District of Columbia, the domicile of defendant. Plaintiff has been advised that service by the Marshal has not been effectuated, but efforts are continuing. The service requirements of Section 9 of the Act have been satisfied. The claim of improper service, therefore, is without merit.

Defendant finally contends that it filed suit in the Middle District of Florida on December 21, 1984, seeking to set aside the arbitrator's award and that this court, therefore, has no jurisdiction to hear the case under Section 9 or Section 10 of the Act. That court is without any jurisdiction in this matter, since this court under Section 9 is the only court authorized to confirm the arbitrator's award. Accordingly, the prior ruling and counterclaim arguments as to the action in the Middle District of Florida have no merit.

The motion is denied in all respects.

IT IS SO ORDERED.