283 F.2d 265
 JEFFERSON CONSTRUCTION CO. et al., Defendants, Appellants,
v.
UNITED STATES of America, for the Use and Benefit of Roy
BACON, et al., Appellees.
MEL TRUCKING & CONTRACTING CO., Inc., Defendant, Appellant,
v.
UNITED STATES of America, for the Use and Benefit of Roy
BACON, Plaintiff, Appellee.
 Nos. 5684, 5685.
 United States Court of Appeals First Circuit.
 Heard Oct. 6, 1960.
Decided Oct. 25, 1960.
 
 Philip M. Cronin, Boston, Mass., and Withington, Cross, Park & McCann, Boston, Mass., on brief, for appellants in No. 5684.
 Francis E. Sullivan, Boston, Mass., with whom John T. Bowes, Boston, Mass., and Sullivan, Bowes & Curley, Boston, Mass., were on brief, for appellant in No. 5685.
 Joseph G. Kelly, Boston, Mass., with whom Samuel A. Valenti, Boston, Mass., was on brief, for appellees.
 Before WOODBURY, Chief Judge, and HARTIGAN and ALDRICH, Circuit judges.
 ALDRICH, Circuit Judge.
 
 
 1
 These appeals involve the propriety of a summary judgment entered by the district court in an action under the Miller Act, 40 U.S.C.A. 270a-270d. The defendants are Jefferson Construction Company, a general contractor on a government project, Mel Trucking and Construction Company, a subcontractor who contracted with the use plaintiff, hereinafter called plaintiff, and a number of surety companies on the bond of the general contractor. Paragraph 14 of the complaint alleged that, 'under its subcontract with Mel,' plaintiff furnished labor and material on the project, and that the value thereof remaining unpaid was $73,004.58. Compliance with the 90-day notice provision of the act and timeliness of suit were also alleged. A copy of plaintiff's contract was annexed, but there were no general allegations of performance of its terms, or that its conditions had been met or excused.
 
 
 2
 The answer of Jefferson and its sureties stated that said defendants 'are without knowledge or information sufficient to form a belief as to the truth of the allegations' contained in paragraph 14. Mel denied the allegations of this paragraph. Thereafter the plaintiff filed a motion for summary judgment and an accompanying affidavit. The affidavit itemized the work and materials furnished, stated that the charges were computed at the agreed contract prices, and recited the payments already received. This constituted, in other words, a verified account annexed. A counteraffidavit was filed by one McNeal in which he stated that he was president of Mel, that he had 'examined books and records of the said corporation' and had 'spoken to employees of same, and on this basis' made a number of statements. On this record the court ordered summary judgment against all defendants for the full amount. They appeal.
 
 
 3
 We are faced at the outset with certain procedural matters. Plaintiff contends that Jefferson's answer asserting lack of knowledge with respect to paragraph 14 of the complaint is insufficient, with the implication that it must be taken to have admitted these allegations. Federal Rule of Civil Procedure 8(b), 28 U.S.C., provides in part, 'If (a party) is without knowledge or information sufficient to form a belief as to the truth of an aversment, he shall so state and this has the effect of a denial.' This is a plain answer to plaintiff's suggestion. It is not contradicted by United States for Use of Kolton v. Halpern, 3 Cir., 1958, 260 F.2d 590, cited by plaintiff, where the court remarked that an answer in this form was of no avail on a motion for summary judgment in the face of an affirmative affidavit. We agree with plaintiff that the facts stated in his affidavit stand admitted for the purpose of this motion if there is no sufficient counteraffidavit, but so they would had the answer been a specific denial. Cunningham v. Securities Investment Co. of St. Louis, 5 Cir., 1960, 278 F.2d 600.
 
 
 4
 Secondly, plaintiff contends that the McNeal counteraffidavit cannot be considered because it is not based upon personal knowledge. Rule 56(e), Fed.R.Civ.P., 28 U.S.C, states that 'affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.' We might be prepared to say that the affidavit of a president of a corporation that the books and records of the company show certain facts to be so satisfies these requirements. But an affidavit based upon undisclosed conversations with unnamed employees clearly does not. See United States v. Halpern, supra. We consider, therefore, only the pleadings and plaintiff's affidavit.[1]
 
 
 5
 Apart from giving specific values to the labor and material furnished, plaintiff's affidavit followed the course of the complaint in failing to state compliance with the contract, or performance of any conditions precedent.[2] Inspection of the contract discloses that conditions in fact existed. For example, Article 3 provides, in part, that the 'contract price is subject to the final measured quantities * * *. Payment will be made by the Contractor to the Subcontractor for work done in the preceding month on an estimated basis, said estimate to be governed by the final decision of the Architect or Owner, Ten per cent (10%) of the total amount of this contract shall be retained by the Contractor until final acceptance and approval by the General Contractor and Architect, and Owner. * * * Before final payment * * * the Subcontractor shall furnish * * * receipted invoices * * * that all labor and bills of all nature for this project have been paid in full * * *.' When we asked counsel whether it was not incumbent upon plaintiff to allege and show compliance and performance he replied that this was not necessary; that under the terms of the Miller Act plaintiff could recover for materials furnished and labor performed, and 'really did not need to allege the contract at all.'
 
 
 6
 We cannot take such an extraordinary view. The Miller Act does not substiture or furnish a cause of action on a quantum meruit in derogation of the provisions of an express contract. See United States for Use of Westinghouse Electric Supply Company v, Ahearn, 9 Cir., 1955, 231 F.2d 353, 356; United States for Use of Harrington v. Trione, D.C.D.Colo., 1951, 97 F.Supp. 522, 526; cf. Royal Indemnity Co. v. Woodbury Granite Co., 1938, 69 App.D.C. 364, 101 F.2d 689, 692, certiorari granted, 306 U.S. 627, 59 S.Ct. 645, 83 L.Ed. 1030, dismissed by stipulation, 308 U.S. 628, 60 S.Ct. 63, 84 L.Ed. 524. The cases of United States for Use of Bailey v. United Pacific Ins. Co., D.C.D.N.Mex.1954, 122 F.Supp. 48, and United States for Use of W.R. Ackerman v. Holloway Co., D.C.D.N.Mex,1954, 126 F.Supp. 347, on which plaintiff relies, are not to the contrary. In both the court pointed out that the plaintiff's full compliance with the contract was unquestioned. It held that a condition that payment will not be due the subcontractor until the government has fully paid the general contractor, irrespective of the date of 'final settlement,' is contrary to the policy of the act in view of the language of the statute of limitations, 40 U.S.C.A. 270b(b). In the case at bar the questions are much broader. Indeed, that particular one is not even involved, as it does not appear that final settlement has occurred. That is a matter administratively determined, and presumably would not be the last date of furnishing labor and materials. See Peerless Casualty Co. v. United States, 1 Cir., 1957, 241 F.2d 811; United States to Use and Benefit of Johnson v. Morley Const. Co., D.C.W.D.N.Y.1936, 17 F.Supp. 378, 386, modified on other grounds, 2 Cir., 98 F.2d 781, certiorari denied sub nom. Maryland Casualty Co. v. United States, 305 U.S. 651, 59 S.Ct. 244, 83 L.Ed. 421.[3]
 
 
 7
 In view of our decision, the portion of the judgment on the third-party complaint must equally fall.
 
 
 8
 Judgment will be entered vacating the judgment of the District Court and remanding the action for further proceedings not inconsistent herewith.
 
 
 
 [1]
 In its memorandum allowing plaintiff's motion for summary judgment the court stated, 'The allowance of this motion is based upon the complaint, the answers and the affidavits.' This may indicate that the court accepted the McNeal counteraffidavit in spite of its apparent deficiencies. We do not find it necessary to determine in this case the extent to which it is permissible for a court to go beyond an affidavit submitted by a party opposing a motion in order to determine 'what material facts are actually and in good faith controverted.' Rule 56(d). See also Rule 56(f). In view of our decision vacating the plaintiff's judgment here without reference to the counteraffidavit, that issue is moot
 
 
 [2]
 Rule 9(c), Fed.R.Civ.P., 28 U.S.C., requires a general pleading to the effect that conditions have been met. If it did not appear that a contract contained any such conditions, this might be a superfluous allegation. But here the contract is a matter of record that cannot be overlooked
 
 
 [3]
 As the amended version of 40 U.S.C.A. 270b(b), under which the statute of limitations begins to run on the last date of performing work or supplying material, does not govern this case, we do not attempt to anticipate any problems it might raise