**UNITED STATES of America For the Use and Benefit of Henry J. LARKIN, d/b/a Larkin Company, Plaintiff, Appellant,**

v.

**PLATT CONTRACTING CO. Inc., Continental Casualty Company and American Employers Insurance Company, Defendants, Appellees.**

No. 5961.

United States Court of Appeals First Circuit.

Submitted June 6, 1962.

Decided July 5, 1962.

Henry J. Larkin on brief, pro se.

John W. Blakeney, Boston, Mass., and Blakeney & Blakeney, Boston, Mass., on brief for Platt Contracting Co. Inc., Continental Cas. Co., and American Employers Ins. Co., appellees.

Before WOODBURY, Chief Judge, and HARTIGAN and ALDRICH, Circuit Judges.

PER CURIAM.

Appellant Larkin, a sub-contractor, filed a complaint under the Miller Act, 40 U.S.C.A. §§ 270a–270d, in May 1958, when he was represented by counsel, against appellees Platt Contracting Company, a principal contractor, and its sureties, seeking a balance allegedly due him in the amount of $111,436.40.  Subsequently, appearing pro se, he filed a motion to amend, requesting the "fair value for work done" in the net amount of $536,873.85, which motion the court allowed.  He also filed a belated jury claim, which was denied.  The case was referred to a master, who found for Larkin in the amount of $6,051.64.  Larkin's objections to the master's report were

15.  See also Dahlstrom v. United States, 228 F.2d 819 (8 Cir. 1956).

overruled, the report was confirmed, and judgment was entered thereon, from which he now appeals.

■ At the threshhold of the appeal is the question whether the master erred, as matter of law, in interpreting a letter from Larkin to Platt as an acceptance of the correctness of an accounting, rather than an offer of compromise. On May 23, 1957 Platt wrote Larkin respecting "you[r] claim [of] a balance due of $111,436.40. Your figures are incorrect in practically every particular. We list, herewith, an analysis of your account as it stands." There followed a detailed statement of account. So far as Platt was concerned this was clearly stated as what it considered to be due, and not in any way as a compromise suggestion. On January 20, 1958 Larkin wrote to Platt's and the surety companys' counsel, "We have decided to accept a settlement based on Platt's letter to us of May 23, 1957 * * * with one exception." There followed a discussion of one item in Platt's letter of May 23, which was a payment made by Platt to an alleged creditor of Larkin's. Larkin objected that this had been paid "before the other contract was settled and was not a payment received by us." Larkin contends his undertaking to accept this "settlement" was in the nature of a compromise offer. The master treated it as an admission that Platt's accounting was correct except as to the one rejected matter.

The word "settlement," sometimes a word of art in legal circles as denoting a compromise, has other well-recognized meanings. Accounts are "settled." When all obligations of both parties under a contract have been finally disposed of it is common to speak of the contract as being "settled." Indeed, Larkin used the word in this manner in the second quoted part of his letter. The master was warranted in finding that his earlier use of that word was in the sense of an acceptance of figures as distinguished from a proposal of compromise.

■ We have reviewed the master's report in the light of the testimony and exhibits. We find no error. Larkin's claim to recover for all work and materials on the basis of a *quantum meruit* in disregard of the contract is contrary to established principles. Jefferson Construction Co. v. United States for Use and Benefit of Bacon, 1 Cir., 1960, 283 F.2d 265, cert. den. 365 U.S. 835, 81 S.Ct. 748, 5 L.Ed.2d 744.

Judgment will be entered affirming the judgment of the District Court.