UNITED STATES of America, for the Use and Benefit of A & W CONCRETE AND BUILDING MATERIALS, INC., Plaintiff,

v.

A. P. JOHNSON CONTRACTOR, INC., and Harris-Smith Corporation and National Surety Corporation, Defendants.

Civ. A. No. 13242.

United States District Court
E. D. Louisiana,
New Orleans Division.

Jan. 13, 1964.

Thomas M. McBride, III, Arabi, La., for A & W Concrete and Building Materials, Inc.

Kantrow, Spaht & Kleinpeter, Carlos G. Spaht, Baton Rouge, La., for National Surety Corp.

Deutsch, Kerrigan & Stiles, A. Morgan Brian, Jr., New Orleans, La., for Harris-Smith Corp., A. P. Johnson Contractor, Inc. and National Surety Corp.

AINSWORTH, District Judge.

On August 2, 1962, the United States of America entered into a written contract with A. P. Johnson Contractor, Inc., by the terms of which Johnson, as prime contractor, agreed to furnish all labor and materials and perform all work required for the restoration and slope pavement of the Lower Nero Levee, Parish of Plaquemines, Louisiana. On the same day, Johnson, as principal, and National Surety Corporation, as surety, executed a statutory payment bond to the United States of America in the sum of $44,494.-75, conditioned that the principal shall promptly make payment to all persons supplying labor and material in the prosecution of the work provided in the contract.

Thereafter, Johnson, as contractor, by written agreement, entered into a subcontract with Harris-Smith Corporation, which in turn entered into a written purchase agreement with A & W Concrete and Building Materials, Inc., to obtain specified ready-mixed concrete. The concrete was furnished and delivered at the price stipulated, for which there is due and owing the sum of $42,175.98 to A & W Concrete and Building Materials, Inc. After numerous attempts to collect this amount, a complaint was filed under the Miller Act (40 U.S.C. § 270a et seq.) for the use and benefit of A & W Concrete and Building Materials, Inc. Named as defendants were Johnson (principal on the payment bond and general contractor for the restoration project), National Surety Corporation (surety on the payment bond), and Harris-Smith Corporation (subcontractor to Johnson and debtor to supplier A & W).

Plaintiff has filed motion for summary judgment on the ground that there is no genuine issue as to any material fact. It supports its motion with affidavits showing the amount due and sued upon; no countervailing affidavits were filed by defendants, and we therefore take as true that plaintiff's account is correct. Defendants oppose the motion on grounds that plaintiff failed to give them the statutory notice of demand required, and further that plaintiff's claim should be offset by a counterclaim in the sum of $18,990.72, representing alleged damages for plaintiff's breach of its supply agreement.

Title 40 U.S.C. §§ 270a, 270b, commonly known as the Miller Act, provides a right of action to furnishers of supplies and materials upon the payment bond. Section 270b thereof provides that:

" * * * any person having direct contractual relationship with a subcontractor but no contractual relationship express or implied with the contractor furnishing said payment bond shall have a right of action upon the said payment bond * *."

All parties have conceded that Harris-Smith, subcontractor, should be dismissed from this action. The Miller Act, under which plaintiff claims jurisdiction, grants no right of action against subcontractors such as Harris-Smith; nor could any ordinary creditor-debtor action be asserted in this court against Harris-Smith because there is a lack of diversity of citizenship between it and A &

W. Both are Louisiana corporations. We therefore dismiss this suit as to Harris-Smith and upon dismissal of Harris-Smith, its counterclaim falls. Defendants, National and Johnson, also concede this. Nevertheless, they contend they have a right to plead and attempt to prove the counterclaim of Harris-Smith as a defense to and in mitigation of the claim of A & W against them on the statutory bond. With this we disagree for two reasons.

First, setoff or compensation takes place only between two debts which are equally liquidated and demandable. The law of Louisiana is explicit in this regard.[1] The debt asserted by A & W is fixed and certain and therefore liquidated.[2] A certain amount of cement, at a certain price, was delivered and poured. The invoices, signed dray tickets and affidavits submitted prove the existence of the debt to A & W, and the evidence is uncontradicted. On the other hand, the alleged claim of Harris-Smith does not meet this test; it is contested and not capable of exact ascertainment, based as it is on damages claimed because of an alleged breach of contract occasioned by delays, insufficiency of deliveries and other allegations not capable of proof promptly and summarily.[3]

Secondly, regardless of whether the claim of Harris-Smith is liquidated or not, such a claim is personal to Harris-Smith, can be asserted by it alone and not by Johnson or National; and, inasmuch as Harris-Smith has been dismissed as to this action, neither Johnson as principal nor National as surety may plead this defense in mitigation of their statutory obligation under the Miller Act.

The Act itself does not authorize such a defense. Technical defenses which would otherwise protect sureties from liability are not applied in proceedings under this statute.[4] One of the purposes of the Miller Act is to protect those who furnish labor or materials for public works and is to be liberally construed in their favor.[5]

Defendants also oppose the motion for summary judgment on the ground that the notice from A & W to Johnson, a prerequisite for an action by a materialman on the statutory bond under the Miller Act, was insufficient. Title 40 U.S.C. § 270b provides in part:

"* * * Provided, however, That any person having direct contractual relationship with a subcontractor but no contractual relationship express or implied with the contractor furnishing said payment bond shall have a right of action upon the said payment bond upon giving written notice to said contractor within ninety days from the date on which such person did or performed the last of the labor or furnished or supplied the last of the material for which such claim is made, stating with substantial accuracy the amount claimed and the name of the party to whom the material was furnished or supplied or for whom the labor was done or performed. Such notice shall be served by mailing the same by registered mail, postage prepaid, in an envelop addressed to the contractor at any place he maintains an office or conducts his business, or his residence, or in any manner in which the United States marshal of

1. LSA–C.C. art. 2209.

2. Olinde Hardware & Supply Co. v. Ramsey, La.App. 1 Cir., 98 So.2d 835 (1957).

3. Saunier v. Saunier, 217 La. 607, 47 So. 2d 19 (1950); Spencer v. West, La.App. 2 Cir., 126 So.2d 423 (1960); City of Shreveport v. Curcio, La.App. 2 Cir., 157 So. 317 (1934).

4. Illinois Surety Co. v. John Davis Co., 244 U.S. 376, 37 S.Ct. 614, 61 L.Ed. 1206 (1917).

5. Clifford F. MacEvoy Co. v. United States, 322 U.S. 102, 64 S.Ct. 890, 88 L.Ed. 1163 (1944); Standard Acc. Ins. Co. v. United States for Use and Benefit of Powell, et al., 302 U.S. 442, 58 S.Ct. 314, 82 L. Ed. 350 (1938), affirming 5 Cir., 89 F.2d 658; United States v. Endebrock-White Company, 4 Cir., 1960, 275 F.2d 57.

the district in which the public improvement is situated is authorized by law to serve summons. * * *"

■ An examination of the affidavits and exhibits submitted by A & W clearly shows that the required notice was given well within the statutory period of 90 days. The last day on which concrete was supplied by A & W was November 5, 1962. A registered letter of demand was written by A & W to National Surety Corporation with carbon copies thereof by registered mail to Johnson and Harris-Smith on December 11, 1962; registered return receipts show that the letter was received by National and Johnson on December 13, 1962.[6] This letter satisfies the requirements of the Act. Additionally, notice of the nonpayment and demand for payment was again made by certified mail on all defendants on January 3, 1963 and January 16, 1963.

■ Plaintiff's claim for penalties and attorney's fees is denied; the court is not convinced that the failure of the surety to pay A & W was either arbitrary or capricious or that the circumstances here would warrant our applying penal Louisiana statutory provisions on this subject. (See LSA–R.S. 22:658 and LSA–R.S. 9:3902.)

Judgment will be entered accordingly, dismissing this suit as to Harris-Smith, and maintaining plaintiff's motion for summary judgment for the full amount of its claim, except penalties and attorney's fees.

6. The letter reads: "Reference is made to the above captioned Contract and Project, for which we furnished, under a Proposal-Purchase Order, the Ready-Mix Concrete to Harris Smith Corporation who performed the construction as Sub-Contractor to A P JOHNSTON Construction Co., Prime Contractor, for whom, we are advised by U. S. Engineers, you are Surety. Between Oct 17/62 and Nov 5/62 we poured on the Project 2.506 Cu Yds of specified Ready-Mix Concrete in a total amount of $42,175.98 for which we have never, to this date, been paid one cent. It is our further information that the contract amount has been paid by U S Engineers practically in full, with the exception of some $6,500. balance, although in such connection, we believe A P JOHNSTON is holding up an Estimate Payment of some $34,000.00 lately received. Confirming telephone discussion this date with your Office (Mr. Holderith), we are today taking proper action through the Surety to protect our interest. Accordingly, enclosed herewith please find copies of file on this Project, consisting: 1. Executed Proposal-Validated Purchase Order. 2. Statement of Account in full to date. 3. Supporting invoices with signed delivery tickets. Please call us for any further papers (or additional copies) you might require."