750 F.2d 759
 32 Cont.Cas.Fed. (CCH) 73,204
 UNITED STATES of America, for the Use and Benefit of MARTIN
STEEL CONSTRUCTORS, INC., Plaintiffs-Appellees,
v.
AVANTI CONSTRUCTORS, INC., Defendant,
and
Harvis Construction, Inc., Seaboard Surety Company, and The
Home Insurance Company, Defendants-Appellants.
 No. 83-2129.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Nov. 7, 1984.
Decided Dec. 28, 1984.
 
 David Schulmeister, Cades Schutte Fleming & Wright, Honolulu, Hawaii, for plaintiffs-appellees.
 Robert Hines, San Francisco, Cal., for defendants-appellants.
 Appeal from the United States District Court for the District of Hawaii.
 Before HUG, TANG and SCHROEDER, Circuit Judges.
 TANG, Circuit Judge:
 
 I. OVERVIEW
 
 1
 Defendant Harvis Construction, Inc. (Harvis), appeals the district court's grant of summary judgment in favor of use plaintiff Martin Steel Construction, Inc. (Martin). Martin brought suit under the Miller Act, 40 U.S.C. Sec. 270a-270d, for unpaid amounts due on its contract to supply steel materials to subcontractor Avanti Construction, Inc. (Avanti). Harvis maintains that summary judgment was improper because Martin failed to prove its prima facie case, and also because the district court erred in not allowing Harvis a set-off defense. These assertions are based on evidence showing that Martin made late and non-conforming deliveries to Avanti. We reject Harvis' assertions of error and affirm the summary judgment.
 
 II. FACTS
 
 2
 Harvis was the general contractor for the construction of an electric shop addition to a building at the Pearl Harbor Naval Shipyard, Honolulu, Hawaii. In accordance with 40 U.S.C. Sec. 270a, Harvis executed a bond, accepted by the United States, to protect material and labor suppliers working on the project.
 
 
 3
 Harvis then entered into a subcontract with Avanti, wherein Avanti agreed to perform the steel work at the site. Avanti entered into a contract with Martin for supply of steel-related materials to be used in its subcontract. The contract is a purchase order dated May 17, 1977.
 
 
 4
 In accordance with the contract, Martin supplied steel materials eventually used in the project. Affidavits and correspondence in the record show that many of the shipments from Martin to Avanti were delayed and/or defective. Avanti encountered financial difficulties, failed to complete its work and failed to pay Martin for all shipments made under the contract. Although some required repair or alteration, all goods delivered by Martin undisputedly were used in the project.
 
 
 5
 On April 11, 1979, Martin filed suit against Avanti, Harvis, and Harvis' sureties under the Miller Act, 40 U.S.C. Sec. 270a-270b, to recover on Harvis' bond the amounts owed by Avanti to Martin. Harvis answered and counterclaimed against Martin for damages resulting from alleged delays and defective shipments to Avanti, but allegedly damaging Harvis. Avanti never answered, and default judgment was entered against it on July 10, 1979. In May 1982, Avanti filed bankruptcy and was dismissed by Martin from this suit.
 
 
 6
 In December, 1980, Martin moved for judgment on the pleadings on Harvis' counterclaim. After a hearing, Judge Curtis originally denied the motion, but on April 10, 1981 granted the motion to dismiss the counterclaim. Judge Curtis based the dismissal on the lack of privity between Harvis and Martin, finding it a bar to Harvis' affirmative contract claim. Harvis attempted to appeal this dismissal, but filed prematurely; the dismissal of the counterclaim has subsequently never been appealed. Harvis' attempt to amend its counterclaim was denied after a hearing by a magistrate.
 
 
 7
 On April 16, 1982, Martin filed the motion for summary judgment in this case. Martin claimed that under the Miller Act it was entitled to monies owed for materials supplied under its contract with Avanti as a matter of law. Judge Frye entered an Order granting the motion on May 21, 1982. Harvis appeals the summary judgment based on its contention that genuine issues of material fact exist, and that Harvis has a set-off defense not precluded by the dismissal of its counterclaim.
 
 III. DISCUSSION
 
 8
 A. Standard of Review.
 
 
 9
 We review the grant of summary judgment under the same standard as the trial court; after viewing the evidence, de novo, in the light most favorable to Harvis, we must determine whether the trial court correctly found that there was no genuine issue of material fact and that Martin was entitled to judgment as a matter of law. Ward By & Through Ward v. United States Dept. of Labor, 726 F.2d 516, 517 (9th Cir.1984).
 
 B. Prima Facie Case
 
 10
 The Miller Act, 40 U.S.C. Sec. 270a(a)(2), requires a general contractor on a federal project to post a bond to protect those who supply labor or materials for the project. The act allows a subcontractor's materials supplier to bring suit on the bond for any unpaid amounts owing for labor or materials, even if no contractual relationship exists between the general contractor and the supplier. 40 U.S.C. Sec. 270b(a). The purpose of the Act is to protect persons supplying materials and labor for federal projects, and it is to be construed liberally in their favor to effectuate this purpose. F.D. Rich Co., Inc. v. United States ex rel. Industrial Lumber Co., Inc., 417 U.S. 116, 124, 94 S.Ct. 2157, 2162, 40 L.Ed.2d 703 (1974).
 
 
 11
 The district court entered summary judgment in Martin's favor, holding that Martin, as a materials supplier, was entitled to collect unpaid amounts under its contract with Avanti, the subcontractor, as a matter of law. In order to prevail under section 270b of the Miller Act, a material supplier need only prove four elements:
 
 
 12
 (1) the materials were supplied in prosecution of the work provided for in the contract;
 
 
 13
 (2) he has not been paid;
 
 
 14
 (3) he had a good faith belief that the materials were intended for the specified work; and
 
 
 15
 (4) the jurisdictional requisites were met.
 
 
 16
 United States ex rel. Carlson v. Continental Casualty Co., 414 F.2d 431, 433 (5th Cir.1969) (affirming summary judgment for material supplier).
 
 
 17
 The record in this case shows that Martin supplied materials for use at the Navy project, and that Avanti failed to pay Martin for all the goods delivered. Additionally, Martin's good faith belief as to the use of goods is not at issue, since it is undisputed that all goods supplied were eventually used in the project. Finally, Martin undisputedly met the jurisdictional requirements of timely notice and filing under Sec. 270b(a). Under the Continental Casualty standard, Martin has made its required showing, and the district court correctly awarded summary judgment in its favor.
 
 
 18
 Harvis maintains that in addition to the elements of proof enumerated in Continental Casualty, materialmen claiming under the Miller Act must affirmatively prove compliance with the terms of the contract with the subcontractor. See, e.g., Jefferson Construction Co. v. United States ex rel. Bacon, 283 F.2d 265 (1st Cir.1960), cert. denied, 365 U.S. 835, 81 S.Ct. 748, 5 L.Ed.2d 744 (1961) (failure to plead or prove compliance with underlying contract and fulfillment of conditions precedent therein precluded summary judgment); United States ex rel. Foster Wheeler Corp. v. American Surety of N.Y., 142 F.2d 726, 728 (2d Cir.1944) (subcontractor and general contractor's stipulation as to balance owing under contract did not relieve subcontractor of burden to prove it performed its contract); United States ex rel. Purity Paint Products Corp. v. Aetna Casualty & Surety Co., 56 F.Supp. 431, 434 (D.Conn.1944) (supplier of paint to subcontractor must prove paint furnished was in accordance with contract terms requiring paint to conform to specifications of principal contract where subcontractor rejected shipments). Relying on these authorities, Harvis maintains that summary judgment was improper because the record contains evidence that Martin made late and nonconforming deliveries.
 
 
 19
 Harvis' reliance on this line of authority is misplaced, as these cases requiring proof of compliance with contract terms beyond delivery and acceptance of goods are factually distinguishable from our case. Here, we are considering a simple contract for sale of goods, where none of the deliveries were rejected; although the record contains evidence of late and nonconforming deliveries, Avanti accepted the materials and they were undisputedly used in the project.
 
 
 20
 In contrast, the cases relied on by Harvis involve factual situations wherein proof of compliance with specific contract terms beyond delivery and acceptance was necessary to resolve legal issues in the case. For example, Purity Paint involved a situation where paint shipments had been rejected upon delivery as not in conformity with project specifications. 56 F.Supp. at 434. Thus, the material supplier's compliance with specific contract provisions regarding paint quality was clearly necessary to resolve the case. Similarly, in Foster Wheeler, the dispute centered around the cause of a failure in brick walls where the materialman had supplied the bricks a year earlier. 142 F.2d at 727. Thus, the conformity of the bricks to specifications was clearly relevant.
 
 
 21
 Jefferson Construction also contains broad language suggesting that under the Miller Act a plaintiff must affirmatively prove its compliance with the underlying contract. 283 F.2d at 267. But again, Jefferson Construction involves facts not present in our case; the contract involved explicit conditions precedent to payment, beyond delivery of goods:
 
 
 22
 the "contract price is subject to the final measured quantities * * * ... Ten percent (10%) of the total amount of this contract shall be retained by the Contractor until final acceptance and approval by the General Contractor and Architect and Owner. * * * Before final payment * * * the Subcontractor shall furnish * * * receipted invoices * * * that all labor and bills of all nature for this project have been paid in full * *."
 
 
 23
 Id. The court explicitly relied on these conditions and stated that requiring proof of the contract in the absence of such conditions might be "superfluous". Id.
 
 
 24
 In the present case, the contract consisted of a simple purchase order, specifying the goods ordered and providing for a lump sum payment. It did not contain any conditions similar to those in the contract in Jefferson Construction. On our facts, Martin undisputedly delivered the goods under the contract, and the four requirements of Continental Casualty are met. On the facts of this case, no other proof is needed to succeed on a Miller Act claim. Finding no genuine issue of material fact as to any of the four required elements, we hold that Martin was entitled to judgment as a matter of law, and affirm the summary judgment.
 
 C. Set-Off Defense
 
 25
 Harvis further relies on the facts in the record showing late and defective shipments as the basis for its second asserted error, that it is entitled to a separate defense of set-off. Although Avanti's trustee in bankruptcy may have a contract action against Martin for alleged breach of their contract, the district court, Judge Curtis, ruled that Harvis does not have such a claim against Martin because there is no privity of contract between Harvis and Martin. This was determined in the dismissal of Harvis' counterclaim, which is not on appeal in this action.
 
 
 26
 We reject Harvis' assertion that it is entitled to assert a set-off defense, notwithstanding Judge Curtis' ruling. Cases allowing a defense of set-off are limited to those in which the plaintiff is a subcontractor or materialman of the general contractor and thus is in direct contractual relations with the counterclaimant. See, e.g., United States ex rel. Johnson v. Morley, 98 F.2d 781 (2d Cir.1938) (allowing counterclaims for set-off against plaintiffs in privity with general contractor, but denying set-off against party not in privity); United States ex rel. Kashulines v. Thermo Contracting Corp., 437 F.Supp. 195 (D.N.J.1976); United States ex rel. Arlmont Air Condition Corp. v. Premier Contractors, Inc., 283 F.Supp. 343, 348-49 (N.D.Maine 1968).
 
 
 27
 In United States ex rel. A. & W. Concrete and Building Materials, Inc. v. A.P. Johnson Contractor, Inc., 225 F.Supp. 727, 729 (E.D.La.1964), the court explicitly held that a claim to set-off arising out of a contract to which the general contractor was not a party is personal to the contracting parties. The defense of set-off was not allowed; the court found that the Miller Act did not envision such a defense. Id. We find that a set-off defense is not available in a Miller Act claim in the absence of privity. The Act was created for the protection of those in Martin's position, and allowing a set-off defense by a general contractor not in privity with Martin would unduly burden the enforcement of the rights created by the Act.
 
 
 28
 Furthermore, although Harvis may incur losses as a consequence of Martin's alleged defective deliveries, Harvis' complaint, if any, would seem to be against its subcontractor Avanti. Indeed, Harvis was in the best position to protect itself against Avanti's potential bankruptcy.
 
 
 29
 [T]he prime contractors could easily have secured themselves against loss by requiring the subcontractor to give security by bond or otherwise for the payment of those who contracted directly with the subcontractor. After all, the prime contractor selects his own subcontractors and it seems not unjustly harsh that he should be holden for their laxities.
 
 
 30
 Glassell-Taylor Co. v. Magnolia Petroleum Co., 153 F.2d 527, 530-31 (5th Cir.1946).
 
 IV. CONCLUSION
 
 31
 Harvis has failed to raise a genuine issue of material fact as to the required showing for a successful Miller Act claim. Absent privity of contract, a separate defense of set-off is not available. Accordingly, the summary judgment in Martin's favor is AFFIRMED.