74 F.3d 972
 40 Cont.Cas.Fed. (CCH) P 76,895, 96 Cal. Daily
Op. Serv. 590,
96 Daily Journal D.A.R. 929
UNITED STATES of America, for the Use and Benefit of
HAWAIIAN ROCK PRODUCTS CORPORATION, a Nevada
corporation, and Guam Concrete Group
Ltd., a Guam corporation,
Plaintiffs-Appellees,
v.
A.E. LOPEZ ENTERPRISES, LTD., Defendant,
and
Glen Roger Thompson, Defendant-Appellant.
 No. 94-15427.
 United States Court of Appeals,
Ninth Circuit.
 Submitted Jan. 12, 1996*.
Decided Jan. 29, 1996.
 
 David J. Highsmith, Highsmith & O'Mallan, Agana, Guam, for defendant-appellant, Glen Roger Thompson.
 Thomas M. Tarpley, Berman, Tarpley & Mann, Agana, Guam, for plaintiffs-appellees.
 Appeal from the United States District Court for the District of Guam.
 Before: LAY,** Senior Circuit Judge, GOODWIN, and PREGERSON, Circuit Judges.
 PREGERSON, Circuit Judge:
 
 
 1
 The Miller Act, 40 U.S.C. Sec. 270, was enacted to protect suppliers of materials and labor for federal projects, and courts must construe it liberally to effect this purpose. F.D. Rich Co., Inc. v. United States, 417 U.S. 116, 124, 94 S.Ct. 2157, 2162-63, 40 L.Ed.2d 703 (1974). In particular, the act requires a general contractor on a federal project to post a bond to protect those who supply labor or materials for the project. 40 U.S.C. Sec. 270a(a)(2). Under the act, a supplier may bring suit on the bond for any unpaid amounts. 40 U.S.C. Sec. 270b(a).
 
 
 2
 A.E. Lopez Enterprises, Ltd. (A.E. Lopez), entered into a contract to build driveways at Anderson Air Force Base on Guam. Glen Roger Thompson executed an individual surety bond for the payment to all A.E. Lopez suppliers on the project.
 
 
 3
 Hawaiian Rock Products Corporation (Hawaiian Rock) and Guam Concrete Group, Ltd. (Guam Concrete) supplied A.E. Lopez with concrete and other materials for the Anderson driveway construction project.
 
 
 4
 Before May 1, 1992, Guam Concrete delivered $5,400.00 worth of concrete and other materials to A.E. Lopez. Before August 6, 1992, Hawaiian Rock delivered $146,112.78 worth of ready-mix concrete and other materials to A.E. Lopez. A.E. Lopez never paid either Guam Concrete or Hawaiian Rock for these supplies.
 
 
 5
 A.E. Lopez did not dispute these facts in district court, and does not appeal them here.
 
 
 6
 Hawaiian Rock and Guam Concrete sued Thompson, as surety, in the United States District Court for the Territory of Guam. The plaintiffs sought compensation from Thompson under the Miller Act, 40 U.S.C. Sec. 270b. Several attempts were made to serve Thompson directly, but plaintiffs failed to locate Thompson, a resident of Colorado. The district court then allowed for service of process by publication on October 19, 1993. The discovery deadline passed on November 1, 1993. Finally, on November 30, 1993, Thompson filed his answer in district court. The district court set the trial date for February 23, 1994.
 
 
 7
 On December 9, 1993, Hawaiian Rock and Guam Concrete filed a motion for summary judgment. The district court set the hearing date on this motion for January 23, 1994. Under the Local Rules, Thompson was required to file an opposition to the motion for summary judgment no later than January 7, 1994. On December 22, 1993, Thompson moved for a continuance of the trial date, and for an extension of the established discovery and motion deadlines. But Thompson did not request an extension of time to respond to the motion for summary judgment.
 
 
 8
 On January 18, 1994, Thompson filed his opposition to the motion for summary judgment and a request for more time. In an order filed January 24, 1994, the district court continued oral argument on the summary judgment until February 4, 1994. The district court also gave Thompson until January 31, 1994 to obtain additional information (including copies of the contracts at issue) and to file a complete opposition to the summary judgment motion.
 
 
 9
 On February 4, 1994, plaintiffs objected to Thompson's request for more time to file his opposition and requested that summary judgment be entered in their favor. The district court denied Thompson's request for more time and entered summary judgment for plaintiffs. Thompson now appeals.
 
 
 10
 We have jurisdiction under 28 U.S.C. Sec. 1291. We affirm.
 
 DISCUSSION
 
 11
 Defendant surety Thompson appeals five decisions of the trial court, including the grant of summary judgment. We address them in turn.1. Summary Judgment.
 
 
 12
 Thompson appeals the district court's grant of summary judgment in favor of plaintiffs. We review the grant of summary judgment de novo. Warren v. City of Carlsbad, 58 F.3d 439, 441 (9th Cir.1995), petition for cert. filed, 64 U.S.L.W. 3271 (U.S. Sept. 20, 1995) (No. 95-481). We must determine, viewing the evidence in the light most favorable to the non-moving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. Id. at 441.
 
 
 13
 In Martin Steel Constructors, Inc. v. Avanti Constructors, Inc., 750 F.2d 759 (9th Cir.1984), cert. denied, 474 U.S. 817, 106 S.Ct. 60, 88 L.Ed.2d 49 (1985), we held that to prevail under section 270b, a supplier need only prove four elements:
 
 
 14
 (1) the materials were supplied in prosecution of the work provided for in the contract;
 
 
 15
 (2) the supplier has not been paid;
 
 
 16
 (3) the supplier had a good faith belief that the materials were intended for the specified work; and
 
 
 17
 (4) the jurisdictional requisites were met.
 
 
 18
 750 F.2d at 761.
 
 
 19
 Appellees, Hawaiian Rock and Guam Concrete, easily meet the first and second elements for relief. The record includes invoices and delivery tickets that indicate that Hawaiian Rock and Guam Concrete supplied materials to A.E. Lopez, apparently for use in the Anderson Air Force Base driveway project. Further, there is no question that A.E. Lopez failed to pay them for those materials.
 
 
 20
 As for the third element, Hawaiian Rock and Guam Concrete appear to have had a good faith belief that the use of the construction materials was for the driveway project. A.E. Lopez does not dispute that the materials supplied were used in the project; nor is there any evidence that the materials supplied were not what was ordered. Under Martin Steel, appellees meet the third element for relief. Martin Steel, 750 F.2d at 761-62. Hawaiian Rock and Guam Concrete have also met the jurisdictional requirements of the fourth element by timely notice and filing under Sec. 270b(a). See id. at 761.
 
 
 21
 In sum, Hawaiian Rock and Guam Concrete presented a prima facie case for payment under the Miller Act. There remained no genuine issues of material fact as to any of the four required elements; this was enough for them to prevail as a matter of law. Martin Steel, 750 F.2d at 761-62. We therefore hold that Hawaiian Rock and Guam Concrete were entitled to judgment as a matter of law and affirm the summary judgment.
 
 
 22
 2. Denial of Extension of Discovery.
 
 
 23
 Thompson argues that the district court clearly abused its discretion by not allowing an extension of time to conduct discovery under Federal Rule of Civil Procedure 56(f). We review the district court's decision not to permit additional discovery pursuant to Rule 56(f) for an abuse of discretion. International Alliance of Theatrical and Stage Employees and Moving Picture Mach. Operators v. Compact Video Servs., Inc., 50 F.3d 1464, 1466 (9th Cir.1995), cert. denied, --- U.S. ----, 116 S.Ct. 514, 133 L.Ed.2d 423 (1995). There can be no abuse of discretion where the movant has failed to show how allowing additional discovery would have precluded summary judgment. Id. at 1466.
 
 
 24
 The facts as stated above show that Thompson had sufficient time to present a colorable theory for why summary judgment for plaintiffs was not warranted. It was his burden to show how allowing additional discovery would have precluded summary judgment. He failed. As discussed above, the district court delayed summary judgment for ten days so that Thompson could find the documents involved in this case. When that extension expired on January 31, 1994, Thompson failed to present any new evidence or colorable theory against summary judgment. Instead, he requested more time, alleging that he had not yet been able to find the documents involved in this case. The district court found this incredulous and rejected his motion for a second extension of time.
 
 
 25
 On these facts there was no reason to suspect that plaintiffs were not entitled to summary judgment as a matter of law. The district court did not abuse its discretion when it refused to grant an extension of time to conduct further discovery.
 
 
 26
 3. Denial of Motions to Continue Summary Judgment Hearing and Trial.
 
 
 27
 Thompson argues that the district court erred in denying Thompson's motions to continue both the date for the summary judgment hearing and the date of the trial. We will not overturn a decision to deny a continuance except upon a showing of abuse of discretion. United States v. Real Property Located at Incline Village, 47 F.3d 1511, 1521 n. 5 (9th Cir.1995), petition for cert. filed, 64 U.S.L.W. 3086 (U.S. Jul. 28, 1995) (No. 95-173). A showing of abuse of discretion depends on the facts of each case. Martel v. County of Los Angeles, 56 F.3d 993, 995 n. 3 (9th Cir.1995), cert. denied, --- U.S. ----, 116 S.Ct. 381, 133 L.Ed.2d 304 (1995).
 
 
 28
 As discussed above, Thompson failed to produce any evidence or identify missing documents that would undermine the prima facie case and avoid judgment for plaintiffs as a matter of law. The district court apparently suspected that Thompson was merely stalling payment to A.E. Lopez's suppliers. On these facts, the district court did not abuse its discretion when it denied the motion for a continuance.
 
 
 29
 4. Business Records.
 
 
 30
 Thompson argues that the district court erred in admitting the business records of the plaintiffs relating to this transaction. We review this evidentiary ruling for an abuse of discretion, and will not reverse absent some prejudice. City of Long Beach v. Standard Oil Co., 46 F.3d 929, 936 (9th Cir.1995).
 
 
 31
 Thompson argues that the district court incorrectly relied on plaintiffs' "delivery tickets" without a proper evidentiary foundation. He claims that Peter Dumaliang, Hawaiian Rock's corporate controller, was not the proper company official to testify as to the validity of the records. But Thompson did not make this argument before the trial court, and it was therefore waived.
 
 
 32
 Yet even if we were to consider Thompson's argument, there was no prejudice here. Dumaliang was a person with extensive knowledge of the plaintiffs' record keeping, and the district court did not abuse its discretion when it admitted plaintiffs' business records into evidence.
 
 
 33
 5. Award of Pre-judgment Interest.
 
 
 34
 Thompson argues that the district court erred by awarding pre-judgment interest charges. We review the award of pre-judgment interest for an abuse of discretion. In re Acequia Inc., 34 F.3d 800, 818 (9th Cir.1994).
 
 
 35
 This argument was not made before the district court and it was therefore waived. The district court did not abuse its discretion when it awarded pre-judgment interest to Hawaiian Rock and Guam Concrete. We note that the terms of the contracts were clearly stated on the invoices; those terms stated that failure to pay would result in incurring a 1% monthly charge simple interest charge.
 
 CONCLUSION
 
 36
 The Miller Act was enacted to protect suppliers to government projects from nonpayment. Here, Hawaiian Rock and Guam Concrete presented a prima facie case for relief under the Miller Act and were entitled to judgment as a matter of law against defendant surety Thompson. After granting one extension to Thompson, the district court did not abuse its discretion when it refused to grant additional extensions. The evidence before the court could only support summary judgment for plaintiffs. We reject Thompson's other arguments and also affirm the award of pre-judgment interest.
 
 
 37
 AFFIRMED.
 
 
 
 *
 The panel unanimously found this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 The Honorable Donald P. Lay, Senior Circuit Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation