**Lee DYMITS, Plaintiff–Appellant,**

**v.**

**AMERICAN INTERNATIONAL GROUP; Atkinson–Farasyn; Center for Independence of the Disabled, Inc.; Hanson, Bridget, Marcus, Vlahos & Rudy; James Johnston, Property Management; John Glenn Adjuster & Administrators, Inc.; Kaiser Foundation Health Plan Inc.; Mills–Peninsula Hospital; Owen & Melbye; Peninsula Volunteers Properties, Inc.; Peninsula Volunteers. Inc.; Prime–PM; Ropers, Majeski, Kohn & Bentley; San Mateo County Transit District; Farmers Insurance Group; The Permanente Medical Group, Inc.; Dale Hahn; Gregory Jensen; Eldon Luce; Marcia Waldron; Maria Santiago; William Owen; Richard Melbye; John Posthauer; Stephen Scott; Brad Blocker; Mark Bonino; Robert Love; Thomas Tang; Eugenia Perez; Lynn Borozan; Timmie Lambert; Donald Shawler; James Johnston; William Johnston; Douglas Edwards; Leon-**

ard Siegel; Thomas Huening; Gerald Haugh; Sherri Ullom; Grace Hess; Robert Rusky; Lisa Puntillo, Defendants–Appellees.

No. 99–15690.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 8, 2001[1].

Decided Jan. 24, 2001.

Before BEEZER, O'SCANNLAIN, and KLEINFELD, Circuit Judges.

## MEMORANDUM[2]

Lee Dymits appeals pro se the district court's Fed.R.Civ.P. 12(b)(6) dismissal of his second amended complaint ("SAC") alleging violations of the Americans with Disabilities Act, 42 U.S.C. §§ 12101–12213, the Fair Housing Act, 42 U.S.C. § 3601, the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961–1968, 42 U.S.C. §§ 1981, 1983, and 1985, the Rehabilitation Act, 29 U.S.C. §§ 701–797, and numerous state laws. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

First, we affirm the district court's dismissal of Dymits' SAC for the reasons

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, we deny appellant's request for oral argument.

2. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

stated in the district court's December 2, 1998 order.

■ Second, we affirm the district court's decision to grant the defendants an extension of time to answer as this decision lies well within the district court's discretion. *See United States ex rel. Hawaiian Rock Prods. Corp. v. A.E. Lopez Enters.,* 74 F.3d 972, 976 (9th Cir.1996).

■ Third, we affirm the district court's dismissal of Dymits' claims against National Union because it is absolutely clear that the deficiencies in his complaint could not be cured by amendment. *See Lopez v. Smith,* 203 F.3d 1122, 1127 (9th Cir.2000) (en banc); *Noll v. Carlson,* 809 F.2d 1446, 1449 (9th Cir.1987).

■ Fourth, we affirm the district court's denial of Dymits' motion for appointment of counsel because Dymits presented no exceptional circumstances warranting appointment of counsel. *See Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir.1986).

■ Finally, we affirm the district court's denial of Dymits' motion to vacate and set aside the dismissal because, in his motion, he merely reiterated the assertions made in his complaint. *See School Dist. No. 1J v. ACandS, Inc.,* 5 F.3d 1255, 1262–63 (9th Cir.1993).

AFFIRMED.