**Craig SOROUDI, Plaintiff–Appellant,**

v.

**PAN–AMERICAN LIFE INSURANCE COMPANY, a Louisiana Corporation; Medex Assistance Corporation, a Maryland Corporation; Wallach & Company, Inc., a Virginia Corporation; International Sojourners Insurance Trust of Washington, D.C., an unknown business entity, Defendants–Appellees,**

---

and

**HCC Insurance Holdings, Inc.,
a Delaware Corporation,
Defendant.**

No. 04–56121.

D.C. No. CV–03–01150–FMC.

United States Court of Appeals,
Ninth Circuit.

Submitted April 3, 2006.*

Decided April 13, 2006.

James M. Hodges, Esq., Law Offices of James M. Hodges, Bellflower, CA, for Plaintiff–Appellant.

James H. Fleming, Esq., Fleming and Phillips LLP, Walnut Creek, CA, Michael A. McLain, Esq., Lewis Brisbois Bisgaard & Smith, LLP, Los Angeles, CA, for Defendants–Appellees.

Gregory Orin Eisenreich, Esq., Barger & Wolen, Los Angeles, CA, for Defendant.

Walter Greene, Jr., Esq., Law Office of Walter Greene, Jr., Laguna Beach, CA, for Defendants–Appellees/Defendant.

Before FARRIS, FERNANDEZ, and THOMAS, Circuit Judges.

**MEMORANDUM ** **

Craig Soroudi appeals the district court's grant of summary judgment

against him in his action in which he claimed that he was entitled to recover upon an insurance policy for injuries he allegedly sustained in an alleged fall in an airport at Rio de Janeiro, Brazil.[1] We affirm and grant sanctions.

(1) Soroudi asserted a breach of contract. We have reviewed the record, and it is clear beyond peradventure that Soroudi did not present admissible evidence to demonstrate that he was entitled to recover for the alleged injuries, if any there were, from an alleged fall in Rio de Janeiro, if he had one. Thus, it is apparent that there was no proof of breach of contract, and summary judgment was proper. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322–24, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249–52, 106 S.Ct. 2505, 2510–12, 91 L.Ed.2d 202 (1986); *Orr v. Bank of Am., NT & SA,* 285 F.3d 764, 772 (9th Cir.2002). Indeed, Soroudi never even submitted a proper proof of claim to Pan–Am. *See Nager v. Allstate Ins. Co.,* 83 Cal.App.4th 284, 290–91, 99 Cal.Rptr.2d 348, 352–53 (2000); *Globe Indem. Co. v. Superior Court,* 6 Cal.App.4th 725, 731, 8 Cal.Rptr.2d 251, 255 (1992) (per curiam); *Paulfrey v. Blue Chip Stamps,* 150 Cal. App.3d 187, 199–200, 197 Cal.Rptr. 501, 507–08 (1983). The district court did not err.

By the same token, the district court did not err when it granted summary judgment on Soroudi's claims of breach of the covenant of good faith and fair dealing,[2]

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

** The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

1. He brought the action against the insurer, Pan–American Life Insurance Company; the

underwriting agent, Wallach & Company, Inc.; the master policy holder, International Sojourners Insurance Trust of Washington, D.C.; and an international referral service, MEDEX Assistance Corporation.

2. *See Tomaselli v. Transamerica Ins. Co.,* 25 Cal.App.4th 1766, 1770 n. 4, 31 Cal.Rptr.2d 224, 226 n. 4 (1994); *see also Guebara v.*

unfair business practices,[3] and fraud.[4] As to the latter, if an odor of mendacity wafts through this case, its provenance is Soroudi himself.[5]

(2) Pan–Am, Wallach, and MEDEX all ask that we impose sanctions upon Soroudi and his counsel for bringing a frivolous appeal.[6] *See* Fed. R.App. P. 38. We, of course, have discretion so to do. *See George v. City of Morro Bay (In re George)*, 322 F.3d 586, 591–92 (9th Cir. 2003) (per curiam); *NLRB v. Unbelievable, Inc.*, 71 F.3d 1434, 1441 (9th Cir.1995); *Taylor v. Sentry Life Ins. Co.*, 729 F.2d 652, 656 (9th Cir.1984) (per curiam). We agree that this is a proper case for sanctions. The results on appeal were obvious, and the arguments are wholly without merit. *See, e.g., Unbelievable, Inc.*, 71 F.3d at 1441. The district court issued a sanctions order because, it said, the record

made it plain that "[t]his case represents not just a frivolous action, but a fraudulent one." [7]

We completely agree; this appeal should never have been brought or pursued, and sanctions should be imposed. Thus, we award the requesting parties attorney's fees and costs against Soroudi and his counsel, James M. Hodges, jointly and severally. However, we will issue a separate order referring all issues as to the proper amounts of sanctions to this court's Appellate Commissioner.

AFFIRMED, sanctions GRANTED.

*Allstate Ins. Co.*, 237 F.3d 987, 992 (9th Cir. 2001).

**3.** *See Van Ness v. Blue Cross of Cal.*, 87 Cal. App.4th 364, 376 n. 5, 104 Cal.Rptr.2d 511, 519 n. 5 (2001); *see also Lippitt v. Raymond James Fin. Servs., Inc.*, 340 F.3d 1033, 1043 (9th Cir.2003).

**4.** *See Van Ness*, 87 Cal.App.4th at 376, 104 Cal.Rptr.2d at 519; *Serv. by Medallion, Inc. v. Clorox Co.*, 44 Cal.App.4th 1807, 1816, 52 Cal.Rptr.2d 650, 655 (1996). In any event, Soroudi concedes that the fraud claim is barred by the statute of limitations.

**5.** Although Pan–Am asserts that the district court did not err in denying a discovery con-

tinuance to Soroudi, he, himself, does not brief an argument on appeal that the district court did err. Thus, the issue is not before us. *See Gospel Missions of Am. v. City of L.A.*, 419 F.3d 1042, 1052 (9th Cir.2005); *Alcock v. SBA (In re Alcock)*, 50 F.3d 1456, 1461 n. 9 (9th Cir.1995). Also, because Soroudi presented nothing to indicate that the additional evidence would affect the result, the district court did not abuse its discretion. *See United States ex rel. Hawaiian Rock Prods. Corp. v. A.E. Lopez Enters., Ltd.*, 74 F.3d 972, 976 (9th Cir.1996).

**6.** Among them, they seek a total of $107,925 in attorney's fees alone.

**7.** That order has not been appealed.